J-A18041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VITO ALEXANDER PELINO | : | |
| | : | |
| Appellant | : | No. 314 WDA 2024 |

Appeal from the PCRA Order Entered February 27, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002578-2011

BEFORE:  OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:　　　　**FILED: September 12, 2024**

Appellant, Vito Alexander Pelino, appeals from the denial of his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant maintains that prior appellate and PCRA counsel were ineffective.  After review, we affirm.

This Court previously summarized the facts of this case as follows:

On the evening of February 12, 2011, [the victim] was socializing with a group of friends at a bar….  Later that night [the victim] met [Appellant's sister, N.T.].  [N.T.] had come to the bar with [Appellant] after getting off work and ha[d] several drinks[.] … [The victim] and [Appellant] were introduced to each other by [N.T.], and the two men had incidental but friendly contact during the evening.  [The victim] and [N.T.] talked, danced and drank for a couple of hours….  [Around 2:00 on February 13th, the victim's friend drove the victim] and [N.T.] to [N.T.'s residence] and returned to the bar….  [Appellant had] agreed to provide [the victim] with a ride home from [N.T.'s residence] after he took [his friend, Corey] Robert home [because the victim and Appellant] resided [in the same community].

[Appellant] arrived at [N.T.'s] residence at approximately 3:00 a.m. and the three of them drank and talked amicably inside. [The victim] at some point excused himself to use the bathroom and [N.T.], by that time intoxicated and tired, told [Appellant] that she needed [the victim] to be out of the residence because her boyfriend would be coming soon. [Appellant] informed [the victim] of the circumstances, and although [the victim] had been excited about the potential of 'hooking up' with [N.T., Appellant] persuaded [the victim] to leave with him.

[Appellant] and [the victim] left and drove into [their community] in [Appellant's] vehicle. During the ride[, the victim] began talking about [N.T.] in a manner that [Appellant] perceived to be disrespectful…. A verbal argument ensued and [Appellant] stopped the vehicle [and] the argument escalated between the two men. [Appellant] then grabbed a knife that he had beside the driver's side door and began to stab [the victim].

[Appellant] inflicted 72 stab and incised wounds on [the victim], stabbing him until he was certain [the victim] was dead.

*Commonwealth v. Pelino*, No. 608 WDA 2015, unpublished memorandum at *3-5 (Pa. Super. filed Oct. 14, 2015) (citations omitted). Thereafter, Appellant called Robert for help, and together they disposed of the victim's body. *Id.* at *6-7.

On March 15, 2011, Appellant was charged with one count each of homicide, kidnapping, and abuse of a corpse.[1] The kidnapping charge was eventually dropped. Following the jury's guilty verdict on the remaining charges, Appellant was sentenced to life imprisonment, without the possibility of parole, for the first-degree murder conviction, followed by a consecutive term of two years of imprisonment for abuse of a corpse. Appellant was

---

[1] 18 Pa.C.S. §§ 2501(a), 2901(a), and 5510, respectively.

- 2 -

represented at trial by Patrick Thomassey, Esq., and at sentencing by Paul Gettleman, Esq.

Appellant, with the assistance of Attorney Gettleman, filed a direct appeal and this Court affirmed the judgment of sentence. *Commonwealth v. Pelino*, No. 1005 WDA 2012, unpublished memorandum (Pa. Super. filed Aug. 27, 2013). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On July 18, 2014, Appellant, still represented by Attorney Gettleman, filed his first, timely petition under the PCRA. Following the denial of his petition, Attorney Gettleman filed a timely appeal with the Superior Court on Appellant's behalf. The Superior Court affirmed the denial of relief. *Pelino*, No. 608 WDA 2015, *supra*. Our Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Pelino*, 136 A.3d 980 (Pa. 2016).

Obtaining new counsel, Appellant filed a petition for writ of *habeas corpus* in the U.S. District Court on June 14, 2016. Relief was denied on July 6, 2017. Appellant sought further relief with the Third Circuit Court of Appeals, which denied his Certificate of Appealability on February 5, 2018.

Appellant, *pro se*, filed the instant, second PCRA petition on September 29, 2022. Therein, Appellant asserted that Attorney Gettleman had been ineffective for failing to obtain relief on appeal or through litigation of his first PCRA petition. Appellant argued that he was permitted to raise claims of PCRA counsel's ineffective assistance pursuant to *Commonwealth v. Bradley*, 261

- 3 -

A.3d 381 (Pa. 2021). The state of the record becomes somewhat confused at this point, as Appellant, acting *pro se,* filed numerous items that were not addressed by the PCRA court.

Specifically, on October 17, 2022, Appellant filed "Petitioner's motion for leave to file an amended PCRA petition," stating that he wished to more fully argue his ineffective assistance claims. Attached to this motion was an amended PCRA petition in which Appellant continued to argue that Attorney Gettleman was ineffective under **Bradley**. In this amended petition, Appellant requested a finding of Attorney Gettleman's ineffectiveness and the reinstatement of his PCRA rights *nunc pro tunc.*

After the Commonwealth filed its answer, Appellant filed another petition for leave to file an amended PCRA petition on June 14, 2023. In this motion, Appellant claimed for the first time that Attorney Gettleman had a conflict of interest because he represented Appellant and his alleged co-defendant, Corey Robert, at the same time.[2] Appellant asserts that he had discovered an online docket sheet for Robert that listed Attorney Gettleman as his attorney of record. Appellant seemingly argues by implication and supposition that Attorney Gettleman "procedurally defaulted and/or waived" his claims on his direct appeal, his first timely PCRA petition and the appeal therefrom, because he also represented Robert. Amended PCRA petition, 6/14/23, at 1.

---

[2] Robert and Appellant were not tried together.

One month later, on July 13, 2023, Appellant filed a new motion, entitled "Petitioner's second amended petition for post-conviction relief." In this motion, Appellant maintained that his petition was timely under **Bradley** and that the recent discovery of a conflict of interest was a newly-discovered fact. Appellant asked for an evidentiary hearing and asserted that Attorney Gettleman would have to testify therein.

Then, on November 6, 2023, Appellant filed a document requesting that the PCRA court take judicial notice of Attorney Gettleman's conflict of interest. Appellant attached a letter written by Attorney Gettleman to the Pennsylvania Disciplinary Board, dated July 6, 2023, in which Attorney Gettleman detailed the efforts he had made on Appellant's behalf over the course of his representation. In this letter, Attorney Gettleman also stated that he has no recollection of representing Robert, and noted that his entry of appearance, the last item on Robert's docket, was entered after Robert's guilty plea and sentencing.

The PCRA court filed its notice of intent to dismiss Appellant's PCRA petition on January 18, 2024. Appellant filed a second request for judicial notice, on the same grounds as the first, on February 7, 2024. Appellant also filed a response to the intent to dismiss on February 12, 2024. The PCRA court dismissed the petition via the order filed on February 27, 2024. Appellant filed a timely notice of appeal on March 14, 2024. Both Appellant and the PCRA court have complied with Pa.R.A.P 1925.

On appeal, Appellant presents the following claims:

1. Did the PCRA court err/abuse its discretion in finding that Appellant's conflict of interest claim fails to prevail on the "newly discovered fact exception" pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), because the record does not support the PCRA court's finding and is not free of legal error?

2. Did the PCRA court err/abuse its discretion in finding that Appellant's conflict of interest claim was meritless because the record does not support the PCRA court's finding and is not free of legal error?

3. Did the PCRA court err/abuse its discretion in not ordering an evidentiary hearing in violation of Pa.R.Crim.P. 908(a)(2) where the PCRA petition raised material issues of fact, and was therefore, not free of legal error?

4. Did the PCRA court err/abuse its discretion in failing/refusing to acknowledge, docket, and grant Appellant's request for judicial notice in violation of Pa.R.E. 201(c)(2)?

Appellant's Brief at 4 (some formatting altered).

Appellant argues in his first issue that the PCRA court erred in finding that his PCRA petition was untimely. Appellant suggests that the affidavit from his prior counsel admitting to the conflict of interest satisfies the newly discovered evidence exception to the PCRA's one-year time bar under 42 Pa.C.S. § 9545(b)(1)(ii).

Our standard and scope of review of an order denying a PCRA petition are well established. Appellate review of a PCRA court's dismissal of a petition is limited to an evaluation of whether "the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Branthafer*, 315 A.3d 113, 123 (Pa. Super. 2024). This Court will not disturb the factual findings of the PCRA court unless there is no support for those

- 6 -

findings in the certified record.  ***Id***.  "In contrast, we review the PCRA court's legal conclusions *de novo*."  ***Id***.

Before addressing Appellant's claims, however, we must first determine which claims from his multiple *pro se* filings are properly before us.  The Commonwealth suggests that any claims contained in the pleadings filed after his second *pro se* PCRA petition which started the instant proceedings — in other words, the petition filed on October 17, 2022, the petition filed on June 14, 2023, the second amended petition filed on July 13, 2023, and the two requests for judicial notice, filed on November 6, 2023 and February 7, 2024 — are waived because they were filed without leave of court.  The Commonwealth notes that while Appellant had requested permission from the PCRA court to file some of these pleadings, the requests had not been granted.  The Commonwealth maintains that these pleadings are legal nullities as they were filed without permission by the PCRA court.  With the exception of the amended petition filed on October 17, 2022, we agree.

Our Rules of Criminal Procedure dictate the process used to amend a PCRA petition:

> **Rule 905. Amendment and Withdrawal of Petition for Post–Conviction Collateral Relief.**
>
> (A) The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time.  Amendment shall be freely allowed to achieve substantial justice.

Pa.R.Crim.P. 905(A); ***Commonwealth v. Flanagan***, 854 A.2d 489, 499 (Pa. 2004) ("PCRA courts are invested with discretion to permit the amendment of

- 7 -

a pending, timely-filed post-conviction petition[.]"). Moreover, the PCRA court's discretion "must be exercised consistently with the command of Rule 905(A) that amendment should be freely allowed to achieve substantial justice.*" **Commonwealth v. Crispell**, 193 A.3d 919, 930 (Pa. 2018).

Importantly, "Rule 905 amendments are not 'self-authorizing' such that a petitioner may simply 'amend' a pending petition with a supplemental pleading. Rather, the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court." **Commonwealth v. Miranda**, 317 A.3d 1070, 1076 (Pa. Super. 2024) (citations omitted). Thus, a petitioner's attempts to amend their PCRA petition will not preserve a claim if the PCRA court did not authorize the amendment. **Commonwealth v. Baumhammers**, 92 A.3d 708, 730-31 (Pa. 2014). **See also Commonwealth v. Reid**, 99 A.3d 470, 520 (Pa. 2014) (stating, "[t]his Court has condemned the unauthorized filing of supplements and amendments to PCRA petitions, and held that claims raised in such supplements are subject to waiver"); **Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (reiterating that Rule 905(A) "explicitly states that amendment [of a PCRA petition] is permitted **only** by direction or leave of the PCRA court") (emphasis added).

Here, the PCRA court's notice of intent to dismiss Appellant's PCRA petition stated that the court had reviewed Appellant's *pro se* PCRA petition, his *pro se* "Second Amended Petition" for PCRA relief, and the

Commonwealth's Answer.[3]  We therefore will only consider the claims Appellant raised in these documents. *See Commonwealth v. Brown*, 141 A.3d 491, 503-04 (Pa. Super. 2016) (holding that if a PCRA petitioner files an amendment to his petition without leave of court, but the PCRA court nonetheless addresses the arguments raised, the PCRA court has implicitly permitted the amendment and our review of the claim may proceed). Appellant's claims, then, are limited to those raised in the September 29, 2022 petition and the October 17, 2022 amended petition.

In the initial PCRA petition filed on September 29, 2022, Appellant asserted that Attorney Gettleman was ineffective in his representation on direct appeal and through litigation of Appellant's first PCRA petition. Appellant also argued that his petition should be deemed timely because *Bradley* permitted petitioners to raise claims of the ineffective assistance of PCRA counsel at the first opportunity; Appellant suggested this was a "newly[-]discovered fact" permitting the litigation of an otherwise untimely PCRA petition.  To this petition, attached as Exhibit 1, is an affidavit from Attorney Gettleman filed in Appellant's federal case, whereby Attorney Gettleman states he "failed to abide by state procedural rules and impeded or otherwise obstructed [Appellant] in complying with the state's established procedures

---

[3] The PCRA court's Pa.R.A.P. 1925(a) opinion directs us to the Rule 907 notice of intent to dismiss Appellant's PCRA petition filed on January 18, 2024, for its reasons for denying Appellant's petition.

for post-conviction relief, and for this reason [Attorney Gettleman] was ineffective."

On October 17, 2022, Appellant filed what he called a "motion for leave to file an amended PCRA petition," with the proposed amended petition attached as Exhibit A. This is a more fulsome petition, not the jail-issued, pre-printed PCRA form which Appellant had filed a few weeks earlier. In this amended petition, Appellant expounded upon his claim that **Bradley** had instituted a "new procedural rule" that constituted a "newly[-]discovered fact" which provides an exception to the PCRA's one-year timeliness requirement. These are the only claims Appellant has properly presented for review.

Now that we have determined which of Appellant's claims are properly before us, we must evaluate whether Appellant's petition was timely filed. Typically, a PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional; in other words, if a PCRA petition is untimely, the court lacks jurisdiction to consider its merits. **Commonwealth v. Reeves**, 296 A.3d 1228, 1230-31 (Pa. Super. 2023). "Without jurisdiction, [the court] simply do[es] not have the legal authority to address the substantive claims." **Commonwealth v. Lewis**, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Here, we calculate that Appellant's judgment of sentence became final on September 26, 2013, when the time for filing a petition for allowance of appeal from this Court's decision affirming his judgment of sentence expired.[4] Accordingly, Appellant had until September 26, 2014, to file a timely PCRA petition.[5] Clearly, his petition filed September 29, 2022, is more than 8 years too late.

A petitioner may overcome the PCRA's time-bar if he pleads and proves one of the statutory exceptions set forth in 42 Pa.C.S. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S. § 9545(b)(1)(i-iii). Moreover, a petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S. § 9545(b)(2) (effective Dec. 24, 2018). If a PCRA petition is untimely, and the petitioner fails to invoke a valid exception, the court lacks jurisdiction to review the petition or provide relief. *Spotz*, 171 A.3d at 676.

_____

[4] *See* Pa.R.A.P. 1113(a) (providing for 30 days after entry of an order of the Superior Court to file a timely petition for allowance of appeal).

[5] A timely PCRA petition shall be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1).

To satisfy the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he "did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Balestier-Marrero***, 314 A.3d 549, 554 (Pa. Super. 2024). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Myers***, 303 A.3d 118, 121-22 (Pa. Super. 2023). Moreover, "[t]his rule is strictly enforced." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).

Appellant maintained in his PCRA petition that he had recently learned that prior PCRA counsel was ineffective, providing the newly-discovered fact to support the untimely petition. However, Appellant has since abandoned this claim. In a footnote to Appellant's brief, he notes:

> Appellant originally filed his second PCRA petition on September 24, 2022,[6] raising a newly[-]discovered[-]fact exception to the PCRA time[]bar based on the new procedural rule change in [***Bradley***, ***supra***]. Inasmuch as Appellant originally argued ***Bradley*** as a newly[-]discovered fact, that claim is <u>abandoned</u>, and Appellant focuses solely on the ineffective assistance of PCRA counsel for conflict of interest.

Appellant's Brief at 7 n.1 (emphasis in original). While recognizing that this claim is abandoned, we note that Appellant would not have been successful in his claim that the ***Bradley*** decision set forth a new procedure for raising claims

---

[6] This petition was filed with the Clerk of Courts on September 29, 2022.

of PCRA counsel's ineffectiveness as newly-discovered evidence, as this theory has been rejected in this Commonwealth in multiple instances. **See, e.g.**, **Commonwealth v. Stahl**, 292 A.3d 1130, 1131 (Pa. Super. 2023) (concluding that "[n]othing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel"); **Commonwealth v. Edmondson**, No. 884 WDA 2023, unpublished memorandum at *6-7 (Pa. Super. filed Feb. 27, 2024) (same); **Commonwealth v. Dixon**, No. 1145 EDA 2022, unpublished memorandum at *6 (Pa. Super. filed Dec. 28, 2022) (same).[7] This argument would not have provided Appellant with an exception to the time bar.

In his brief to this Court, Appellant now claims that his prior PCRA attorney was ineffective because counsel represented both Appellant and a witness who had testified against him at trial, Corey Robert, which is evidence of a conflict of interest. Appellant maintains that this is a newly-discovered fact. As noted above, this claim was not presented to the PCRA court until Appellant's supplemental pleading filed in June 2023, and the PCRA court neither permitted the June 2023 amendment nor addressed the claim in the Rule 907 notice. Therefore, Appellant's issue is waived. **Miranda**, *supra*; **Porter**, *supra*.

Further, even if the claim were not waived, it would not garner Appellant relief. Appellant asserts that Attorney Gettleman represented Appellant's

---

[7] We may cite to unpublished memorandum decisions of this Court filed after May 1, 2019, for their persuasive value. **See** Pa.R.A.P. 126(b).

separately-tried co-defendant, Corey Robert, when Robert agreed to testify for the Commonwealth at Appellant's trial in exchange for leniency. Appellant further claims that this supposed dual-representation caused Attorney Gettleman to deliberately lose Appellant's direct appeal and fail to obtain relief on Appellant's first PCRA petition. As his only evidence in support of this theory, Appellant attaches to his June 14, 2023 PCRA petition a page from Robert's docket sheet to show that Attorney Gettleman entered his appearance on behalf of Robert on April 18, 2012. We recognize that the entry of appearance was a week after Robert had been sentenced, and it was the same day that Attorney Gettleman entered his appearance for Appellant. Further, it appears from the docket that the entry of appearance occurred only after Appellant had already been found guilty,[8] and nothing occurred on Robert's case following Attorney Gettleman's entering his appearance. There is absolutely no evidence of any agreement or deliberate sabotage of Appellant's prior appeal and/or PCRA case. Appellant cannot prove his claim by providing only a line entry in a docket sheet.

Additionally, Appellant seemingly did not file his claim within one year of discovering this alleged conflict. Appellant has included two letters in the record, which he claims "prove" Attorney Gettleman's ineffective assistance. The first is an affidavit signed by Attorney Gettleman that was included as an

---

[8] Appellant was convicted on March 15, 2012. Attorney Gettleman entered his appearance in both cases on April 18, 2012. Appellant was sentenced, with Attorney Gettleman acting as sentencing counsel, on June 13, 2012.

attachment to Appellant's federal *habeas* case, and is stamped as being filed with the Third Circuit Court on September 21, 2017.[9] The second letter was Attorney Gettleman's response to a complaint Appellant filed with the Pennsylvania Disciplinary Board, and is dated July 6, 2023.[10] As noted above, however, this second letter was not a part of the PCRA petition addressed by the PCRA court; it had been submitted as an amendment without permission, and we may not consider it herein. With respect to the first letter, which was included in Appellant's federal criminal appeal, it was filed on September 21, 2017. Clearly, Appellant's petition filed in 2022 was not filed within one year of discovering this alleged "new" information from 2017. **See** 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception … shall be filed within one year of the date the claim could have been presented.").

To summarize, Appellant's PCRA petition filed on September 29, 2022, and the amended petition filed on October 17, 2022, are untimely and Appellant has not proven an exception to the timeliness rule. As there were no genuine issues of material fact presented in the petitions, the PCRA court did not abuse its discretion in failing to order an evidentiary hearing. **Commonwealth v. Maddrey**, 205 A.3d 323, 328 (Pa. Super. 2019) (stating, "if the PCRA court can determine from the record that no genuine issues of

---

[9] Appellant attached this letter to his PCRA petition filed on September 29, 2022.

[10] This document is attached to both of Appellant's requests for judicial notice filed with the PCRA Court.

- 15 -

material fact exist, then a hearing is not necessary"). Finally, Appellant's requests for judicial notice are moot in light of our disposition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/12/2024