J-S24041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAUL DAVID WEIMER | : | |
| | : | |
| Appellant | : | No. 731 WDA 2023 |

Appeal from the PCRA Order Entered May 25, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011522-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAUL DAVID WEIMER | : | |
| | : | |
| Appellant | : | No. 732 WDA 2023 |

Appeal from the PCRA Order Entered May 25, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011523-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAUL DAVID WEIMER | : | |
| | : | |
| Appellant | : | No. 733 WDA 2023 |

Appeal from the PCRA Order Entered May 25, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011535-2010

J-S24041-24

BEFORE:   BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: September 13, 2024**

Appellant Paul David Weimer appeals the order of the Court of Common Pleas of Allegheny County denying his petition pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm the dismissal of this untimely petition.

In a consolidated trial, Appellant was convicted of twenty-one offenses across three separate dockets for the sexual abuse of three minor boys:  R.Z., M.G., and J.D.  At docket CP-02-CR-0011522-2010 (relating to victim R.Z.), the jury convicted Appellant of Involuntary Deviate Sexual Intercourse (IDSI), unlawful contact with a minor, statutory sexual assault, endangering the welfare of children, corruption of minors, and selling or furnishing alcohol to minors.  At docket CP-02-CR-0011523-2010 (relating to victim M.G.), the jury convicted Appellant of IDSI, indecent assault, endangering the welfare of children, and corruption of minors.   At docket CP-02-CR-0011535-2010 (relating to victim J.D.), the jury convicted Appellant of unlawful contact with a minor, corruption of minors (two counts), and selling or furnishing alcohol to minors.

On March 13, 2012, the trial court imposed an aggregate sentence of 25-50 years' imprisonment and designated Appellant as a sexually violent predator (SVP) subject to lifetime sexual offender registration.  After Appellant filed a direct appeal, this Court affirmed the judgment of sentence on August

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

1, 2013. *See Commonwealth v. Weimer*, 1331 WDA 2012 (Pa.Super. August 1, 2013 (unpublished memorandum)). Our Supreme Court denied Appellant's petition for allowance of appeal on November 27, 2013.

On April 7, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on June 16, 2015. The PCRA court denied Appellant's petition without a hearing on July 12, 2016. On appeal, this Court concluded that the trial court's imposition of mandatory minimum sentences for his two IDSI convictions violated *Alleyne v. United States*, 570 U.S. 99, 106 (2013) and the individual sentence of 5-10 years' imprisonment for the unlawful contact with a minor conviction illegally exceeded the permissible statutory maximum. Thus, this Court vacated the judgment of sentence and remanded for resentencing. *See Commonwealth v. Weimer*, 1042 WDA 2016 (Pa.Super. July 7, 2017) (unpublished memorandum). The Supreme Court denied Appellant's petition for allowance of appeal on December 13, 2017.

Upon remand, on April 3, 2018, the trial court resentenced Appellant non-mandatory terms of ten to twenty years' imprisonment on the IDSI charges and a term of 3½ to 7 years' imprisonment on the unlawful contact with a minor charge. As the trial court ran the sentences consecutively, Appellant received an aggregate term of 23½ to 47 years' imprisonment. On April 27, 2020, this Court affirmed the judgment of sentence, finding that Appellant's challenge to the discretionary aspects of sentence did not raise a substantial question for review. *See Commonwealth v. Weimer*, 1461-63

WDA 2023 (Pa.Super. April 27, 2020) (unpublished memorandum). On December 2, 2020, the Supreme Court denied Appellant's petition for allowance of appeal.

On May 28, 2020, Appellant filed a *habeas* petition in federal court, which was subsequently denied on April 29, 2022. On January 4, 2023, the Third Circuit Court of Appeals denied Appellant's request for a certificate of appealability.

On June 2, 2022, Appellant filed a second *pro se* PCRA petition, raising various claims of ineffectiveness against both trial and PCRA counsel. On July 28, 2022, Herbert A. Terrell entered his appearance as private counsel for Appellant. On February 16, 2023, the Commonwealth filed an answer, arguing that Appellant's petition was untimely and no PCRA timeliness exception was applicable. On March 2, 2023, the PCRA court notified Appellant of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. In response, Appellant filed a counseled motion to supplement his PCRA petition. On May 25, 2023, the PCRA court entered an order dismissing the petition as untimely filed, after indicating that it had considered both Appellant's *pro se* petition and supplemental petition along with the Commonwealth's response.

Appellant filed a timely appeal and complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following claims of the trial court's error:

1. Appellant Weimer's Petition should have [been] viewed as timely under the provisions of 42 Pa.C.S. § 9545.

2. The Court abused its discretion or and [sic] committed judicial error in denying [Appellant's] first procedural opportunity to raise [a] challenge to the effectiveness of his prior counsel post conviction counsel [sic].

3. The Court erred by dismissing the PCRA petition without providing explanation for its decision.

Appellant's Brief, at 2 (issues reordered for ease of review).

As a preliminary matter, it is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 5 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, the PCRA currently requires that "[a]ny petition invoking an exception ... shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." **Commonwealth v. Spotz**, 641 Pa. 717, 723, 171 A.3d 675, 678 (2017).

As noted above, Appellant was sentenced on March 13, 2012, this Court affirmed the judgment of sentence on August 1, 2013, and the Supreme Court denied Appellant's petition for allowance of appeal on November 27, 2013. As Appellant did not file a petition for a writ of certiorari with the Supreme Court of the United States, his judgment of sentence became final on February 25, 2014, upon the expiration of the ninety-day period to seek certiorari review. Thus, Appellant had until February 25, 2015 to file a timely PCRA petition.[2]

_____

[2] The fact that Appellant's first PCRA petition resulted in a remand to the trial court for resentencing did not "reset the clock" for the purposes of the PCRA timeliness rules. This Court has held that:

a successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only. … [T]he purpose of the PCRA is to prevent an unfair conviction.

**Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa.Super. 2008) (*quoting* **Commonwealth v. Dehart**, 730 A.2d 991, 994 n. 2 (Pa.Super. 1999)).

As Appellant's instant petition, which was filed in June 2022, is facially untimely.

Appellant argues that this Court should find that his petition meets the newly discovered fact exception in 42 Pa.C.S.A. § 9545(b)(1)(ii), as he claims that he only recently discovered that his PCRA counsel (who represented Appellant at his resentencing and on the subsequent appeal) "abandoned" him by failing to raise the issues that Appellant wanted to raise, asserting issues on appeal that were waived, and in raising a claim that did not present a substantial question for review. In addition, Appellant argues that the filing of his filing of the *habeas* petition in federal court should have tolled the PCRA timeliness requirements.

Appellant also contends that he was entitled to file a second PCRA petition to challenge PCRA counsel's ineffectiveness, as this was his first opportunity to do so. Appellant cites **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), in which our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id**. at 401.

Nevertheless, these arguments do not excuse the untimeliness of Appellant's PCRA petition. To satisfy the newly-discovered fact exception to the PCRA time bar, a petitioner must show that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." **Commonwealth v. Balestier-Marrero**,

314 A.3d 549, 554 (Pa.Super. 2024) (quoting **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015)).

Appellant contends that he recently discovered a "new fact" that his PCRA counsel allegedly abandoned him on collateral appeal after resentencing. Appellant has not specified when exactly he discovered that PCRA counsel had abandoned him, but relies on this Court's April 27, 2020 decision, in which we affirmed the dismissal of Appellant's PCRA petition and found that Appellant's challenge to the discretionary aspects of his sentence had been waived.

The certified record in this case shows that on May 28, 2020, Appellant filed a petition for writ of habeas corpus in federal court, raising the same claims he raises in the instant PCRA petition to challenge the effectiveness of PCRA counsel. **See Weimer v. Capozza, et al.**, 2:20-cv-00781-PLD, at *13, 48 (U.S.Dist.Ct. W.D.Pa. filed April 29, 2022). As such, Appellant knew of PCRA counsel's alleged abandonment by May 28, 2020 at the very latest. Yet, Appellant did not file the instant PCRA petition invoking the newly-discovered fact exception until June 2022. Thus, Appellant cannot show that he filed the instant petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

We reject Appellant's suggestion that the PCRA timeliness requirements were tolled when he filed his *habeas* petition, as this argument has been rejected by our courts. **See Commonwealth v. Fahy**, 737 A.2d 214, 22 (Pa. 1999) (finding that the PCRA timeliness requirements are not tolled during

federal review); ***Commonwealth v. Brown***, 143 A.3d 418, 420-21 (Pa.Super. 2016) (finding that "decisions pertaining to federal habeas corpus law [are] irrelevant to our construction of the timeliness provisions set forth in the PCRA").

Appellant's reliance on the Supreme Court's decision in ***Bradley*** is also misplaced. Appellant cannot claim that the instant PCRA petition was his first opportunity to challenge the effectiveness of his PCRA counsel. Appellant's choice to file a *habeas* petition raising PCRA counsel's ineffectiveness instead of a second PCRA petition does not allow him to escape the PCRA's clear timeliness requirements. Further, this Court has emphasized that the ***Bradley*** decision does not provide an exception to the PCRA time bar, noting that "[n]othing in ***Bradley*** creates a right to file a [serial] PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." ***Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa.Super. 2023).

As Appellant has not pled or proved that any of the statutory exceptions to the PCRA time bar applies to the claims raised in this petition, the PCRA court correctly determined that this petition was untimely.

Lastly, Appellant contends that the PCRA court improperly dismissed his petition without a hearing pursuant to Pa.R.Crim.P. 907 when it did not adequately provide Appellant with notice of its reasons for dismissal. Rule 907 provides that "the [PCRA] judge shall give notice to the parties of the

intention to dismiss the petition and shall state in the notice the reasons for the dismissal." Pa.R.Crim.P. 907(1).

While the PCRA court's Rule 907 notice did not provide Appellant with the reasons for its dismissal, "our Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa.Super. 2014) (quoting *Commonwealth v. Davis*, 916 A.2d 1206, 1208 (Pa.Super. 2007)). As we Appellant's petition is untimely, this claim does not entitle Appellant to relief.

Therefore, we affirm the dismissal of Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/13/2024