J-S27038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTONIO JOHNSON JR. :
:
Appellant : No. 3062 EDA 2023

Appeal from the PCRA Order Entered November 2, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009395-2011

BEFORE: LAZARUS, P.J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 4, 2024**

Appellant, Antonio Johnson, Jr., appeals from the order entered by the

Court of Common Pleas of Philadelphia County dismissing as untimely his

serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S.A. §§ 9541-9545. We affirm.

The PCRA court sets forth the relevant procedural history culminating

with Appellant's filing of the present, facially untimely, serial PCRA petition:

> On May 4, 2021, defendant [hereinafter "Appellant"] pled guilty,
> pursuant to a negotiated plea agreement, to one count each of
> third-degree murder (18 Pa.C.S. § 2502(c)) and possessing an
> instrument of crime ("PIC") (18 Pa.C.S. § 07(a)). On that day,
> [The trial court] imposed the negotiated aggregate sentence of
> 22½ to 45 years[*] incarceration. On May 16, 2013, the Superior
> Court affirmed the judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

On January 28, 2014, Appellant filed a *pro se* petition under the PCRA ("First Petition"). John Cotter, Esquire, was appointed to represent Appellant. On March 8, 2016, Mr. Cotter filed an Amended Petition on Appellant's behalf, alleging a time credit issue, which he later withdrew. On May 2, 2017, pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Suer. 1988), Mr. Cotter filed a letter stating that there was not merit to Appellant's claims for collateral relief. On June 30, 2017, the [PCRA] Court issued notice, pursuant to Pa.R.Crim.P. 907 of its intention to dismiss Appellant's petition without a hearing. Appellant submitted a response to the [PCRA] Court's 907 Notice on July 10, 2017, and Mr. Cotter subsequently submitted a Supplemental Finley Letter on August 10, 2017. On August 24, 2017, the [PCRA] Court dismissed Appellant's PCRA Petition and granted Mr. Cotter's motion to withdraw his appearance. The Superior Court affirmed [the PCRA Court's] order on February 13, 2019, and the Supreme Court of Pennsylvania denied allowance of appeal on September 16, 2019.

[Appellant filed consecutive appeals to the Pennsylvania Commonwealth Court on February 15, 2021, and again on September 30, 2021, with the first dismissed for his failure to perfect the appeal and the second quashed on grounds that the order from which Appellant claimed to appeal was not an appealable order and, in the alternative, that the Commonwealth Court lacked jurisdiction over an appeal from a final order of the PCRA court.

On May 31, 2022, Appellant filed with the Superior Court a notice of appeal from the Commonwealth Court's quashal. Ultimately, the Pennsylvania Supreme Court advised Appellant that his notice of appeal was deemed an untimely attempt to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.]

On March 3, 2023, Appellant filed the instant *pro se* petition under the PCRA ("Third Petition"). The Commonwealth responded to Appellant's Third Petition on July 20, 2023. On September 15, 2023, the [PCRA Court] issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's Third Petition without an evidentiary hearing. Appellant responded to the [PCRA Court's] notice on September 26, 2023 ("907 Response"). On November 2, 2023, the [PCRA Court] dismissed Appellant's Third Petition as untimely.

Appellant [] appealed the dismissal of his Third Petition on the grounds that:

1) PCRA counsel was ineffective for failing to challenge trial and appellate counsel's ineffectiveness regarding Appellant's sentencing.

2) PCRA counsel was ineffective for filing a Finley letter and for failing to file a statement of intent to file an **Anders** [fn] brief in Superior Court.

---

Fn. **Anders v. California**, 386 U.S. 738 (1967).

---

3) [the PCRA Court] erred in dismissing Appellant's Third Petition as untimely where Appellant's First Petition was timely and Appellant [raised in his Third Petition] claims of PCRA counsel's ineffectiveness pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).

4) [The trial court] erred in imposing an excessive sentence of 22½ to 45 years[ʹ] incarceration.

5) [The trial court] erred in incorrectly determining whether Appellant's sentence was "clearly unreasonable" pursuant to **Commonwealth v. Moore**, 617 A.2d 8 (Pa. 1992).

6) [the trial court] erred in imposing a sentence that was illegal under **Alleyne v. United States**, 570 U.S. 99 (2013).

Concise Statement of Errors Complained of on Appeal ("Statement of Errors") at ¶¶ 1-6.

PCRA Court Opinion, 2/6/24, at 1-3.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

- 3 -

> [W]e examine whether the determination of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Drummond**, ––– Pa. ––––, 285 A.3d 625, 633 (2022). We "consider the record in the light most favorable to the prevailing party at the PCRA level," and "grant great deference to the PCRA court's findings that are supported in the record." **Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa. Super. 2018) (citations omitted).

**Commonwealth v. Balestier-Marrero**, 314 A.3d 549, 553 (Pa. Super. 2024).

The timeliness of a PCRA petition is a threshold jurisdictional question. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014); **see also Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)). Any PCRA petition, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final. **Balestier-Marrero**, 314 A.3d at 553-54; **see** 42 Pa.C.S.A. § 9545(b)(1) (all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final).

Appellant's PCRA petition is facially untimely, as he filed it on March 3, 2023, nearly ten years after his judgment of sentence became final on June 17, 2013. However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three timeliness exceptions in Section 9545(b)(1)(i)-(iii) and establishes that petitioner invoked the

exception within one year of the date the claim could have been first presented, pursuant to Section 9545(b)(2).[1] ***Balesteir-Marrero***, at 554.

_____

[1] **(b) Time for filing petition.‑‑**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

<Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days [Dec. 24, 2018] provides that the amendment of subsec. (b)(2) by that Act shall apply to claims arising on Dec. 24, 2017, or thereafter.>

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2).

As noted, *supra*, the PCRA court determined that Appellant's PCRA petition was untimely and failed to meet any timeliness exception. *See* PCRA Court Opinion, 2/6/24, at 3-4. Specifically, the PCRA court observed:

Here, defendant cites to the newly discovered fact and government interference exceptions to the PCRA's time bar in his Third Petition, *see* Third Petition, pp. 2-3, but nowhere states any alleged facts that are the basis for either exception. *See* [Third Petition], pp. 2-5.fn

Fn. Since defendant does not state a basis for either exception in any of his pleadings, neither exception is further addressed herein.

Instead, defendant alleges that his petition is timely filed pursuant to the Pennsylvania Supreme Court's holding in [] *Bradley* [] since some of his claims assert ineffective assistance of PCRA counsel. *See* Third Petition, pp. 2, 4; 907 Response at ¶ 5; Statement of Errors at ¶ 3. . . . However, *Bradley* did not create an exception to the PCRA's jurisdictional time-bar. *See Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023) ("Nothing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's jurisdictional time-bar.

PCRA Court Opinion at 6. In addition to the issues challenging both the legality[2] and the discretionary aspects of Appellant's sentence, the Brief of

___

[2] Appellant raises a challenge to the legality of his sentence, which, while not subject to waiver, must still be raised in a timely PCRA petition or satisfy one of the timeliness exceptions. *See Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (stating: "[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). We conclude, *infra*, that Appellant has proffered no timeliness exception to support his facially untimely serial petition.

Appellant also presents an issue addressing the jurisdictional question of whether the PCRA court erred in dismissing his facially untimely petition. Specifically, in this threshold issue, Appellant contends the PCRA court erred because the petition raised a challenge against prior PCRA counsel at the first opportunity to do so, pursuant to **Bradley**, 261 A.3d at 401.[3]  This Court has held, however,

> that **Bradley** "does not create an exception to the PCRA's jurisdictional time-bar." **[] Stahl**, 292 A.3d [at] 1136 [].  In a similar vein, we have opined that **Bradley** "did not assert a new constitutional right which applies retroactively." **Commonwealth v. Salmond**, 2023 WL 5447700, at *6 (Pa. Super. Aug. 24, 2023) (non-precedential decision).[] "Furthermore, this Court has continually declined to extend the holding of **Bradley** to cases involving untimely petitions." **Commonwealth v. Ruiz-Figueroa**, 2023 WL 4115626, at *2 (Pa. Super. June 22, 2023) (non-precedential decision).

**Commonwealth v. Pridgen**, 305 A.3d 97, 102 (Pa. Super. 2023), **appeal denied**, 318 A.3d 97 (Pa. 2024) (internal footnote deleted).

Because Appellant failed to provide in either the PCRA court or this Court a valid timeliness exception for his facially untimely third PCRA petition, we are without jurisdiction to entertain his appellate claims.  Accordingly, there is no basis for disturbing the PCRA court's order dismissing Appellant's petition as untimely.

---

[3] **See Bradley** at 401 (holding "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/4/2024