J-S46022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN LUICUS RATZEL | : | |
| | : | |
| Appellant | : | No. 327 WDA 2024 |

Appeal from the PCRA Order Entered January 26, 2024
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000452-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN LUICUS RATZEL | : | |
| | : | |
| Appellant | : | No. 1102 WDA 2024 |

Appeal from the PCRA Order Entered January 26, 2024
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000453-2021

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY BOWES, J.:            **FILED: April 17, 2025**

Justin Luicus Ratzel appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA") in the above-captioned cases. We affirm.

Appellant is serving a sentence imposed after he entered open guilty pleas in separate cases to various offenses related to the sexual abuse of two

children: S.Z., his five-year-old stepdaughter, and K.W., a thirteen-year-old girl he met on Facebook. The details of the crimes to which he pled guilty are not plainly stated in the certified record, as Appellant waived the recitation of the factual basis for the pleas at his plea hearing. We gather that the lead offense in the first-filed case pertained to his having S.Z. perform oral sex on him by telling her that his penis was a lollipop, and having Raven Jeffery, his wife and S.Z.'s mother, make a video recording of it.[1] The second case related to his relationship with K.W., who considered Appellant to be her boyfriend although he was more than twice her age, and with whom Appellant engaged in oral sex and digital penetration. The charges were supported by Appellant's admissions to police, evidence obtained from the phones of Appellant and Jeffery, and statements to police given by K.W. and Jeffrey.

On June 22, 2022, following a pre-sentence investigation ("PSI") and assessment by the Sexual Offender Assessment Board ("SOAB"), the court conducted a hearing to determine whether Appellant was a sexually violent predator ("SVP"). Therein, the SOAB psychological expert noted that the instant offenses followed treatment for pedophilic disorder that Appellant had received in connection with his 2005 juvenile adjudication for involuntary

---

[1] Jeffrey ultimately pled guilty to crimes related to the abuse of S.Z. and was sentenced to an aggregate term of thirty-five and one-half to seventy-one years of incarceration. *See Commonwealth v. Jeffrey*, 301 A.3d 921, 2023 WL 4115635 (Pa.Super. 2023) (non-precedential decision).

deviate sexual intercourse ("IDSI").[2]  The court found Appellant to be an SVP and sentenced him to an aggregate term of thirty-seven to eighty-five years. The sentence was informed by, *inter alia*, the PSI report that noted a prior record score of four based upon Appellant's juvenile IDSI adjudication, and a sentencing recommendation of a term of 60 to 120 years of imprisonment. Appellant filed a post-sentence motion claiming his sentence was excessive, but he did not appeal after the court declined to modify it.

Appellant filed a timely *pro se* PCRA petition, and the court promptly appointed counsel.  Rather than file an amended petition, counsel requested to withdraw and filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Upon review of counsel's filing, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing.  Appellant did not file a response.  The PCRA court proceeded to dismiss the petition by order of January 26, 2024, and this timely appeal followed.[3]  The court ordered

---

[2] Appellant's IDSI adjudication was based upon his having anal sex with a person under the age of thirteen when Appellant was fifteen.  **See** N.T. Sentencing, 22, at 23-24.

[3] Since Appellant's notice of appeal was not docketed until March 4, 2024, this Court issued a rule to show cause why the appeal should not be quashed as untimely.  Appellant filed a response producing evidence that he delivered the document to prison authorities for mailing on February 23, 2024.  Accordingly, the appeal was timely filed.  **See** Pa.R.A.P. 121(f).  This Court additionally
*(Footnote Continued Next Page)*

- 3 -

Appellant to file a Pa.R.A.P. 1925(b) statement, and he timely complied.[4]

Thereafter, the PCRA court authored a Rule 1925(a) opinion.

Appellant presents the following questions for our review:

1. Did [Appellant] suffer a deprivation of his constitutional right to a fair trial when the District Attorney's Office failed to disclose medical records of S.Z. - 5 y[ea]rs old investigative inquiry into her abused [*sic*] assessment and broken or lost virginity-hyman [*sic*]???

2. Can [Appellant] be convicted of rape (18 Pa.C.S. § 3121(c)) when medical records from Dec. 2019 to June 2020 shows [*sic*] no digital penetration of S.Z.??

3. Can the plea agreement made by [Appellant] as a juvenile, guaranteeing an annulment or eradication from the records of criminal act [*sic*] upon completion of programs and upon being released after 18 y[ea]rs of age, be nullified and used by a judge in present case for sentencing??

4. If 42 Pa.C.S. § 9736 (relating to report of psychiatric evaluation) has been suspended, in accord with Pa.R.Crim.P. 1101(b), as being inconsistent with Pa.R.Crim.P. 700 *et seq*. (Rules of Chapter 7) . . . does [Appellant]'s sentence become void or vacated as illegal for lack of statutory authorization??

_____

noted that Appellant's appeal was not in compliance with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), in that he filed a single notice of appeal although the order implicated two separate dockets. At this Court's urging, Appellant remedied the deficiency pursuant to Pa.R.A.P. 902 by filing amended notices of appeal.

[4] We remind the PCRA court that it must include in every Rule 1925(b) order, *inter alia*, indication of both the place the appellant can serve the statement on the judge in person and the address to which the appellant can mail the statement. ***See*** Pa.R.A.P. 1925(b)(3)(iii).

Appellant's brief at 13-14, 36 (cleaned up). [5]

We begin with a review of the applicable legal principles. This Court will "review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). Overall, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

To be entitled to PCRA relief, a petitioner must establish that his conviction resulted from a constitutional violation, ineffective assistance of counsel, an unlawfully-induced plea, governmental obstruction with a right of appeal, the unavailability of after-discovered exculpatory evidence, or a proceeding for which there was no jurisdiction, or that he is serving an illegal sentence. *See* 42 Pa.C.S. § 9543(a)(2). To prove a claim of ineffective assistance, the petitioner must establish that the underlying claim has

---

[5] Elsewhere in his brief, Appellant contends that incriminating evidence obtained from his phone was attributable not to him but to Jeffery because they shared a phone plan. *See* Appellant's brief at 30-31. He also suggests that he was coerced by counsel to enter his open guilty plea. *Id*. at 9-11, 26. These issues are not stated in the questions presented and the arguments are not developed with citation to relevant authorities establishing his right to relief. Hence, they are waived. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *Commonwealth v. Armolt*, 294 A.3d 364, 379 (Pa. 2023) ("[M]ere issue spotting without sufficient analysis or legal support precludes appellate review.").

arguable merit, counsel lacked a reasonable basis for the act or omission, and there is a reasonable probability that but for the ineffectiveness, the outcome of the proceeding would have been different. *See Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa.Super. 2019).

To merit consideration, the issues raised in the PCRA petition must not have been previously litigated or waived. *See* 42 Pa.C.S. § 9543(a)(3). In this vein, "[a]n issue is waived if a petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post-conviction proceeding." *Commonwealth v. Oliver*, 128 A.3d 1275, 1281–82 (Pa.Super. 2015) (cleaned up). Also regarding waiver, the general rule is that "issues not raised in a PCRA petition cannot be considered on appeal." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (cleaned up). *See also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

However, "[I]egality-of-sentence claims are simply not subject to the waiver provision of the PCRA." *Commonwealth v. Jones*, 932 A.2d 179, 183 (Pa.Super. 2007). Further, "an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may even raise and address such an issue *sua sponte*." *Commonwealth v. Thorne*, 276 A.3d 1192, 1196 (Pa. 2022) (cleaned up).

With these principles in mind, we turn to Appellant's first issue. Therein, he claims that the Commonwealth withheld exculpatory evidence that it was obligated to disclose to him pursuant to Pa.R.Crim.P. 305 in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963) (holding that due process prohibits the prosecution from suppressing evidence material to guilt or punishment). In particular, Appellant asserts that it failed to produce S.Z.'s medical records evincing that her hymen was intact. ***See*** Appellant's brief at 13, 23-25.

The PCRA court opined that this issue was waived. ***See*** PCRA Court Opinion, 4/9/24, at 1. We agree. Appellant did not include this matter in his PCRA petition. It further appears that he did not advise PCRA counsel of the concern, as it is not enumerated in counsel's ***Turner/Finley*** brief as an issue Appellant wished to raise. Nor did Appellant raise it in response to the PCRA court's Rule 907 notice. Therefore, the claim is not properly before us. ***See Ousley***, 21 A.3d at 1242; Pa.R.A.P. 302(a).

To the extent that Appellant vaguely suggests in accordance with ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), that PCRA counsel was ineffective in failing to pursue this issue, Appellant has not indicated how these records were not equally available to the defense through non-governmental entities. As such, he has not alleged a ***Brady*** violation. ***See***, ***e.g.***, ***Commonwealth v. Tedford***, 960 A.2d 1, 30 (Pa. 2008) ("No violation occurs if the evidence at issue is available to the defense from non-governmental sources."); ***Commonwealth v. Spotz***, 896 A.2d 1191, 1248

(Pa. 2006) (holding Spotz's **Brady** claim failed where he did not show that he lacked equal access to allegedly-suppressed Children and Youth Services records). Thus, there is no arguable merit to Appellant's claim that PCRA counsel was ineffective.

Next, Appellant asserts that plea counsel was ineffective in failing to obtain S.Z.'s medical records referencing her intact hymen because the evidence would have defeated a rape charge by negating the fact of digital penetration. **See** Appellant's brief at 29. This issue, like his first, was not raised in the PCRA court and is therefore waived. **See** Pa.R.A.P. 302(a). In any event, the charges involving S.Z. were founded upon Appellant's forcing her to perform oral sex on him, not based upon allegations that he penetrated her vagina. It was the separate case involving K.W. that was premised upon averments of digital penetration. Hence, Appellant's second claim of error merits no relief.

Appellant's third question attacks the trial court's use of his juvenile record in calculating his prior record score and crafting his sentence. **See** Appellant's brief at 34-35. He further bemoans the court's decision to impose consecutive, statutory maximum sentences. **Id**. at 22-23. These implicate the discretionary aspects of his sentence, not its legality. **See**, **e.g.**, **Commonwealth v. Shreffler**, 249 A.3d 575, 583 (Pa.Super. 2021) ("It is well-settled that a challenge to the calculation of a prior record score goes to the discretionary aspects, not legality, of sentencing."); **Commonwealth v.**

*Thomas*, 879 A.2d 246, 262–63 (Pa.Super. 2005) (ruling claim that the court considered an improper factor implicates the discretionary aspects of the sentence); *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa.Super. 2005) ("[T]he imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court[.]").  Any claims attacking the discretionary aspects of his sentence were waived by his failure to raise them on direct appeal.  *See also Commonwealth v. Hernandez*, 328 A.3d 1159, 1166 n.3  (Pa.Super. 2024) ("[C]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA.").

To the extent that he suggests counsel was ineffective in failing to pursue these issues, he proffers no developed argument as to how counsel should have challenged the sentences as contrary to established norms and how counsel's omissions prejudiced him.  Furthermore, there was nothing improper about considering Appellant's juvenile commission of IDSI on thirteen-year-old child when Appellant was fifteen in calculating his prior record score and sentencing guidelines.  *See* 204 Pa.Code § 303.6(a), (c)(2) (providing juvenile adjudications are counted towards the prior record score when it was a crime of violence committed after the offender's fourteenth birthday, and that, in any event, courts are not prohibited from considering lapsed juvenile adjudications at sentencing).  Consequently, there is no arguable merit to the claim.

Appellant's remaining question assails the legality of his sentence and thus is not waived although it is raised for the first time on appeal.[6] He claims that his sentence lacks statutory authorization because 42 Pa.C.S. § 9736, which permits the court to "order the defendant to submit to psychiatric observation and examination for a period not exceeding 60 days," has been suspended pursuant to Pa.R.Crim.P. 1101(6) as inconsistent with Chapter Seven of the Rules of Criminal Procedure.[7] **See** Appellant's brief at 36-39. He argues that the suspended provisions are not severable from the rest of the Sentencing Code such that the suspension had the effect of negating all sentencing statutes because "the remaining valid provisions, standing alone,

_____

[6] Earlier in his brief, Appellant made a vague allegation that one or more of his convictions should have merged for sentencing purposes. **See** Appellant's brief at 15. However, he does not identify the convictions to which he refers, let alone which of the two cases is implicated, nor develop any argument. Although legality of sentence claims cannot be waived pursuant to the PCRA's waiver provision or Pa.R.A.P. 302(a), they are waivable for lack of development. **See Armolt**, 294 A.3d at 376 ("[R]egardless of whether a particular claim implicates the legality of a sentence, it is well settled that an appellant bears the burden of sufficiently developing his arguments to facilitate appellate review."). This Court will not act as counsel for Appellant by comparing the factual underpinnings and legal elements of each conviction to discern whether there is any merit to his claim. **See Commonwealth v. Balestier-Marrero**, 314 A.3d 549, 556 (Pa.Super. 2024) (explaining that "appellate courts will not act as counsel and develop an argument for the appellant or scour the record to find evidence to support an argument").

[7] In particular, Rule 702 ("Aids in Imposing Sentence") contains subsections governing the court's authority to order a psychiatric or psychological evaluation, along with a PSI report.

are incomplete and are incapable of being executed in accordance with the legislative intent!" ***Id***. at 39.

That is the extent of Appellant's argument. While he in large part regurgitates § 1925 of the Statutory Construction Act, he neglects to note that it begins by stating that the provisions of every statute are presumed to be severable unless the statute indicates otherwise. ***See*** 1 Pa.C.S. § 1925. Appellant likewise does not address whether the statutes in question mention severability, or present argument to overcome the presumption. Moreover, he fails to explain why the suspension of § 9736 of the Sentencing Code by Rule 1101, due to its subject matter being covered by the Rules of Criminal Procedure, is the functional equivalent of declaring the statute void such that severability is implicated. Again, we will not act as Appellant's counsel and fabricate an argument for him. ***See Armolt***, 294 A.3d at 376; ***Balestier-Marrero***, 314 A.3d at 556.

Accordingly, Appellant has not satisfied his burden of persuading us that the PCRA court erred and relief is due. ***See Stansbury***, 219 A.3d at 161. Therefore, we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/17/2025