J-S08029-24

2024 PA Super 71

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :          PENNSYLVANIA
                               :
          v.                   :
                               :
                               :
                               :
CARLOS MANUEL BALESTIER-        :
MARRERO                        :
                               :   No. 956 MDA 2023
          Appellant            :

Appeal from the PCRA Order Entered June 13, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003982-2017

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.*

OPINION BY MURRAY, J.:                    **FILED APRIL 15, 2024**

Carlos Manuel Balestier-Marrero (Appellant) appeals, *pro se*, from the
order denying his first petition filed pursuant to the Post Conviction Relief Act
(PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In September 2017, the Commonwealth charged Appellant with, *inter
alia*, one count each of possession with intent to deliver a controlled substance
(PWID), conspiracy to commit PWID, criminal use of a communications facility,
and corrupt organizations.[1]  Appellant's case was consolidated with those of
several co-defendants, including David Starke (Starke) and Eddie Ferrer
(Ferrer).  On December 10, 2018, Appellant pled guilty to the abovementioned

---

* Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903(a)(1), 7512(a), 911(b).

offenses. The trial court immediately sentenced Appellant to serve an aggregate 10 to 20 years in prison. Appellant did not file post-sentence motions or a direct appeal.

On October 30, 2020, Appellant filed the instant *pro se* PCRA petition, his first. Appellant acknowledged the untimeliness of his petition but invoked the newly-discovered fact exception to the PCRA's one-year filing requirement.[2] PCRA Petition, 10/30/20, ¶¶ 7-8; *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant claimed, as the newly-discovered fact, a report prepared by Daniel Rigmaiden on November 1, 2019 (Rigmaiden report), in

---

[2] All PCRA petitions must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); *see also id.* § 9545(b)(3) (providing a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the … Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Where a PCRA petitioner fails to file a timely petition, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions (timeliness exceptions) set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) (stating a "PCRA petitioner bears the burden of proving the applicability of one of the [timeliness] exceptions."). Instantly, Appellant claimed he met the newly-discovered fact exception, contained in Section 9545(b)(1)(ii), which we address below, as well as the "governmental interference exception" in Section 9545(b)(1)(i); the latter exception is not relevant to this appeal due to Appellant's abandoning his claim invoking the exception.

J-S08029-24

connection with Starke's criminal case.[3]  PCRA Petition, 10/30/20, Exh. A.[4]  As

the PCRA court competently explained,

> In [the Rigmaiden] report, Mr. Rigmaiden concluded that the wiretap used by the police against [] Starke was illegal.[5]  The [Rigmaiden] report was given to [Appellant] by [] Starke on February 6, 2020[, nearly one year after the entry of Appellant's guilty pleas].  Starke and [Appellant] were incarcerated together in the state correctional facility located in Benner Township, Pennsylvania [(SCI-Benner)].  After receiving the [Rigmaiden] report from Starke, [Appellant filed his PCRA p]etition.  It was filed on October 30, 2020.  [Appellant] has never spoken to Mr. Rigmaiden.  … [**Appellant's**] **name is not mentioned in** [**the**]

---

[3] **See Commonwealth v. Starke**, CP-06-CR-5166-2017 (Starke case).

[4] Appellant also attached to his PCRA petition an affidavit executed by Starke on August 16, 2020.  PCRA Petition, 10/30/20, Exh. C (Starke stating, *inter alia*, he "shared with … [Appellant] details of [Starke's] research on [Starke's] case, which includes a report by [a] leading electronic surveillance expert in the County, Daniel Rigmaiden.").

[5] The PCRA court stated that in the Rigmaiden report,

> Mr. Rigmaiden concluded that 1) the search warrant affidavit in the Starke case did not explain how law enforcement learned of Starke's name and home address or how Starke's phone was found to be associated with his home address; 2) law enforcement's explanation on how they learned of Starke being located at his home address was false; 3) law enforcement engaged in "parallel construction" to obtain information about Starke and his home address; and 4) law enforcement used a general warrant to track and locate Starke's phone.

PCRA Court Order and Opinion, 6/13/23, at 5-6 (footnote omitted); **see also** PCRA Petition, 10/30/20, Exh. A (Rigmaiden report).  The PCRA court further opined, "**Mr. Rigmaiden** [] **took steps to limit the dissemination and application of** [**the Rigmaiden**] **report to other cases or individuals**.  For example, he stated in his report that he only shared it with Starke and his defense attorney.  He also warned that [the Rigmaiden] report should not be viewed by the public."  PCRA Court Order and Opinion, 6/13/23, at 7 (emphasis added).

- 3 -

**Rigmaiden**[] **report**. [Appellant] cannot read or write.[6] [Appellant] was not aware that his phone was the subject of a wiretap or that [the Pennsylvania Superior Court had issued] an order permitting [Appellant] to be tracked by GPS [prior to his arrest,] until the day of the hearing [on Appellant's PCRA petition (PCRA hearing),] April 13, 2023. [Appellant] didn't take any steps to investigate his case until he ran into Starke while in prison.

PCRA Court Order and Opinion, 6/13/23, at 2-3 (emphasis and footnotes added; formatting modified); *see also* N.T., 4/13/23, at 5-17 (Appellant's testimony at PCRA hearing).

In December 2021, the PCRA court appointed Douglas J. Waltman, Esquire (PCRA counsel), to represent Appellant in the PCRA proceedings. On January 13, 2022, PCRA counsel filed a "no merit" letter and a petition to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). PCRA counsel asserted that Appellant's PCRA petition was untimely and did

_____

[6] Ferrer assisted Appellant with the preparation of his *pro se* PCRA petition. **See** PCRA Court Order and Opinion, 6/13/23, at 3 (stating Appellant "worked on the petition with [] Ferrer," whom Appellant encountered again while the men were incarcerated at SCI-Benner); *see also id.* at 6 (noting that "[Appellant's] claims are identical to those raised by [] Ferrer before this [c]ourt and on appeal in **Commonwealth v. Ferrer**, [277 A.3d 1161,] 1068 MDA 2021 … (Pa. Super. April 26, 2022) [(unpublished memorandum)]."). The PCRA court adeptly addressed this Court's holding in **Ferrer** in its opinion issued in connection with the order denying Appellant's PCRA petition. **See** PCRA Court Order and Opinion, 6/13/23, at 9; *see also Ferrer*, 277 A.3d 1161 (unpublished memorandum at 7-8) (reversing PCRA court's order dismissing Ferrer's PCRA petition as untimely, and remanding for an evidentiary hearing, where the PCRA court erred in concluding that Ferrer failed to satisfy the requirements of the newly-discovered fact timeliness exception).

not satisfy any of the timeliness exceptions. No-Merit Letter, 1/13/22, at 1. PCRA counsel stated he (1) "reviewed the Rigmaiden Report attached to the PCRA" petition; (2) "investigated [] Starke's prosecution" in the Starke case; and (3) concluded from PCRA counsel's review of the record that "[t]here is nothing … to support [Appellant's] claims for relief." *Id.* at 4 (quotation marks omitted).

The PCRA court denied PCRA counsel's petition to withdraw without prejudice on May 18, 2022, and directed counsel to file an amended PCRA filing limited to the issue of whether Appellant met the newly-discovered fact exception. Two days later, PCRA counsel filed an "Amended Petition Limited to Addressing Timeliness," contemporaneously with an amended no-merit letter and petition to withdraw. PCRA counsel opined, in relevant part, that the Rigmaiden report

> is not a "fact" within the legal context of [section] 9545(b)(1)(ii), [as] it is an opinion; therefore, [Appellant] has not alleged and cannot prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."

Amended Petition, 5/20/22, ¶ 10 (quoting 42 Pa.C.S.A. § 9545(b)(1)(ii)); *see also id.* ¶¶ 11-13 (claiming in the alternative that if the Rigmaiden report constitutes a new fact, the PCRA court should hold an evidentiary hearing to develop the record).

The matter proceeded to the April 13, 2023, PCRA hearing, where Appellant appeared as the only witness. Appellant testified about the

Rigmaiden report and when he first learned of it from Starke. **See** N.T., 4/13/23, at 5-9, 14-16.

The PCRA court denied Appellant's PCRA petition on June 13, 2023. Two days later, the PCRA court entered an order granting PCRA counsel's petition to withdraw. Appellant timely filed a *pro se* notice of appeal on June 30, 2023. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents a single issue for review:

Whether the PCRA court erred by failing to consider whether Appellant[']s petition and the [Rigmaiden] report provided to the court satisfied the newly discovered fact exception?

Appellant's Brief at 6 (emphasis modified).

When reviewing an order denying a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Drummond**, 285 A.3d 625, 633 (Pa. 2022). We "consider the record in the light most favorable to the prevailing party at the PCRA level," and "grant great deference to the PCRA court's findings that are supported in the record." **Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa. Super. 2018) (citations omitted).

Here, Appellant concedes his PCRA petition is facially untimely, as he filed it nearly two years after his judgment of sentence became final. Appellant's Brief at 8; **see also** 42 Pa.C.S.A. § 9545(b)(1) (all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final). However, Pennsylvania courts may consider an untimely petition if the

appellant can explicitly plead and prove one of three timeliness exceptions in Section 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of the timeliness exceptions must also establish that the petitioner invoked the exception within one year of the date the claim could have been first presented. *Id.* § 9545(b)(2).

Appellant invokes the newly-discovered fact exception set forth in Section 9545(b)(1)(ii); this exception

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted); *see also Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*) (stating that "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief."). "[T]he analysis of whether a PCRA petitioner has satisfied the [Section] 9545(b)(1)(ii) time-bar exception is analytically distinct from the merits of any substantive claim seeking relief." *Commonwealth v. Robinson*, 185 A.3d 1055, 1059 (Pa. Super. 2018) (*en banc*).

Appellant claims he pled and proved the requirements of the newly-discovered fact exception based on the Rigmaiden report. *See* Appellant's Brief at 8-16. According to Appellant, "the Rigmaiden report showed that[] members of the Berks County Police Department and other investigatory agencies, 'used unconstitutional means' to intercept non-specific cell phones and location data…." *Id.* at 8. Appellant claims that he exercised due diligence in discovering the Rigmaiden report and timely invoked it in connection with the newly-discovered fact exception, within the one-year requirement of Section 9545(b)(2). *Id.* at 9, 12. Appellant further contends that because

> Appellant's co-defendant [(*i.e.*, Ferrer)] obtained relief, Appellant should be afforded the same. [*See*], *e.g.*, *Commonwealth v. Cruz*, 851[] A.2[d] 870 (Pa. Super. 2004) (post-conviction petitioner granted collateral relief based on materially identical claim).

*Id.* at 16 (capitalization modified); *see also Ferrer*, 277 A.3d 1161 (unpublished memorandum at 8-9).

The Commonwealth counters the PCRA court properly ruled that it lacked jurisdiction to consider the merits of Appellant's untimely PCRA petition, where Appellant failed to plead and prove the newly-discovered fact exception. *See* Commonwealth Brief at 11-13. The Commonwealth claims that "the allegations and speculation of the Rigmaiden report are not 'facts' as applied to Appellant," where

> [u]nlike Ferrer and Starke[,] who were not subjects of actual [wiretap] interceptions, [Appellant] was the subject of a wiretap

- 8 -

interception signed by a Superior Court Judge. Thus, Rigmaiden's general thesis from the [Rigmaiden] report … does not apply to [Appellant].

*Id.* at 10, 11; *see also id.* at 11 (arguing "Appellant is not similarly situated to Ferrer[,] … based upon the simple fact that a wiretap authorization existed[,] where one did not exist against Ferrer or Starke."). The Commonwealth further argues that even if Appellant did not know of the Rigmaiden report until recently, he failed to explain how, with the exercise of due diligence, he could not have discovered it sooner. *Id.* at 12 (pointing out that Appellant, "as well as Ferrer and Starke, were all co-defendants who were prosecuted as part of a larger wiretap investigation"; therefore, "the discovery for both cases was the same. Because the Rigmaiden report analyzed the available discovery to reach [its] conclusions, [Appellant] could easily have done so if he had hired his own expert prior to his guilty plea."). We agree.

As the PCRA court reasoned,

[Appellant's] claim that he has discovered newly-discovered facts is based on a report that was prepared for a separate individual, Starke, in a separate case almost a year after [Appellant] entered his guilty plea. … [The] Rigmaiden[] report was narrowly tailored to address the issues faced by Starke, and only Starke, in his criminal matter. [Appellant] has not established that he has discovered new facts **in his case**. Instead, as discussed by [PCRA counsel] in his no-merit letter, [Appellant] wishes to engage in discovery to search for new facts that could possibly establish that law enforcement committed certain violations during their investigation into [Appellant]. [Appellant's] claim is based upon pure speculation. Therefore, this [c]ourt finds that [Appellant] has failed to satisfy the newly-discovered fact exception to the PCRA's one-year filing deadline.

PCRA Court Order and Opinion, 6/13/23, at 9-10 (emphasis in original).

Our review confirms that the PCRA court's foregoing reasoning is amply supported by the record and the law. *See id.* Further, as Appellant is not similarly situated to either Starke or Ferrer, his reliance upon **Cruz**, *supra*, is misplaced. Thus, the PCRA court properly concluded that it lacked jurisdiction to consider the merits of Appellant's untimely PCRA petition, as Appellant failed to plead and prove any timeliness exception. *See id.* Appellant's issue does not merit relief.

Appellant advances an additional issue in the argument section of his brief:  the ineffectiveness of PCRA counsel.[7] **See** Appellant's Brief at 16-19. Appellant claims PCRA counsel rendered ineffective assistance by failing to claim trial counsel's ineffectiveness. **Id.** at 16.  Appellant asserts trial counsel improperly "fail[ed] to investigate exculpatory evidence and to put the Commonwealth's case to adversarial testing[.]" **Id.** (capitalization modified). Appellant invokes **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding "a PCRA petitioner may, after a PCRA court denies relief, and after

---

[7] Appellant did not include this issue in his brief's statement of questions. **See** Appellant's Brief at 6.  Pursuant to our Rules of Appellate Procedure, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a).  Nevertheless, we decline to find waiver, where Appellant is proceeding *pro se* and raised this issue in his Pa.R.A.P. 1925(b) concise statement. **See Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014) (stating appellate courts "may liberally construe materials filed by a *pro se* litigant"); Pa.R.A.P. 105(a) (providing the Rules of Appellate Procedure shall be liberally construed); **but see also Blakeney**, 108 A.3d at 766 ("*pro se* status confers no special benefit upon a litigant").

obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). **Id.** at 17.

This Court has explained that "**Bradley** does not provide an exception to the PCRA's time bar…." **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023); **see also id.** at 1134 ("Ineffectiveness of PCRA counsel that does not wholly deprive the defendant of collateral or appellate review does not satisfy" any of the timeliness exceptions); **Commonwealth v. Pridgen**, 305 A.3d 97, 102 (Pa. Super. 2023) (collecting unpublished memorandum decisions declining to extend **Bradley** to cases involving untimely PCRA petitions).

Here, as explained above, Appellant's PCRA petition is untimely and fails to meet any timeliness exception. **See** PCRA Court Opinion, 9/25/23, at 4 (stating Appellant is not entitled to relief on his claim of PCRA counsel's ineffectiveness, where "before [PCRA counsel] could have raised any of [Appellant's] underlying claims, one of the timeliness exceptions must have been met."). Furthermore, Appellant fails to develop his bald claim of trial counsel's ineffectiveness, or identify the purportedly exculpatory evidence that trial counsel should have discovered. Thus, this claim is waived. **See**, **e.g.**, **Commonwealth v. Armolt**, 294 A.3d 364, 379 (Pa. 2023) (holding, "mere issue spotting without sufficient analysis or legal support precludes appellate review" and results in waiver); **see also Commonwealth v.**

***Beshore***, 916 A.2d 1128, 1140 (Pa. Super. 2007) (*en banc*) (appellate courts will not act as counsel and develop an argument for the appellant or scour the record to find evidence to support an argument).

Based on the foregoing, we affirm the PCRA court's order denying Appellant's untimely PCRA petition. Further, we deny as moot Appellant's *pro se* filing in this Court, entered March 15, 2024, seeking an extension of time in which to file a reply brief.

Order affirmed. Petition for Extension of Time to File Reply Brief denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/15/2024