J-S11037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARY JOSEPH ALBRIGHT | : | |
| | : | |
| Appellant | : | No. 668 WDA 2024 |

Appeal from the PCRA Order Entered June 9, 2023
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000502-2012

BEFORE:  MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                **FILED: June 3, 2025**

Cary Joseph Albright ("Albright") appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The facts underlying Albright's convictions are immaterial to our disposition.  We note only that Albright proceeded to sentencing on June 20, 2014, following jury convictions of endangering the welfare of children ("EWOC") and resisting arrest.  At the EWOC conviction, the trial court imposed the sentence of eleven to twenty-three months of incarceration, followed by three years of probation.  For resisting arrest, the trial court imposed a consecutive two-year term of probation.  Albright received time credit for time served from December 17, 2012, through June 17, 2013, and

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

from July 21, 2013, to the date of sentencing, for a total of 517 days. The trial court immediately paroled Albright.

The Commonwealth subsequently filed a petition to revoke Albright's probation, based on a subsequent conviction. On May 6, 2016, the trial court revoked Albright's probation and imposed an aggregate sentence of two and one-half to five years of incarceration, to run consecutive to the sentence imposed on his new conviction.[2] The trial court did not award time credit for the 517-day period in the May 6, 2016 sentencing order. Albright did not file a notice of appeal.

On January 10, 2022, Albright filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended petition on January 20, 2023, asserting that Albright did "not receive[] any and all credit for time served with regard to this case." Amended PCRA Petition, 1/20/23, at 1 (single page). At the conclusion of the June 1, 2023 evidentiary hearing, the PCRA court stated that no relief was due on Albright's claim because the 517 days of "credit was already applied against the" term of incarceration portion of his original sentence. N.T., 6/1/23, at 10. On June 9, 2023, the court entered an order denying Albright's petition for the reasons stated at the hearing.

---

[2] The trial court imposed consecutive sentences of one and one-half to three years of incarceration for EWOC and one to two years of incarceration for resisting arrest. The court did not impose a new period of probation upon resentencing.

Albright filed a counseled timely notice of appeal, which this Court dismissed due to counsel's failure to file a docketing statement. Albright then filed a *pro se* PCRA petition seeking reinstatement of his appellate rights, which the PCRA court granted on May 7, 2024. The court appointed new counsel, who timely filed a notice of appeal on June 4, 2024. Both Albright and the PCRA court complied with Pa.R.A.P. 1925.

Albright presents the following issue for our review:

> Did the [PCRA] court err by ignoring the governing statute, 42 Pa.C.S.[A.] § 9760(1), when it denied giving credit for all time spent in custody prior to [Albright's] resentencing, where the revocation of [Albright's] probation placed [Albright] in the same position [Albright] was at the time of [Albright's] original sentence when [Albright] was entitled to credit for all time served?

Albright's Brief at 4 (unnecessary capitalization omitted).

"When reviewing an order denying a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Balestier-Marrero*, 314 A.3d 549, 553 (Pa. Super. 2024). Additionally, this Court may affirm a PCRA court's decision on any grounds if the record supports it. *See Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa. Super. 2020).

We must first address whether the PCRA court had jurisdiction to address Albright's claim. "It is well-settled that, relative to PCRA petitions, questions of timeliness are jurisdictional in nature; therefore, courts must address these questions as threshold issues." *Commonwealth v. Smith*, 310 A.3d 94, 102 (Pa. 2024). This is true even though the parties and the

- 3 -

PCRA court failed to address the timeliness of Albright's *pro se* petition. **See Commonwealth v. Gandy,** 38 A.3d 899, 902 (Pa. Super. 2012) ("Even where neither party nor the PCRA court have addressed the matter, it is well-settled that we may raise it *sua sponte* since a question of timeliness implicates the jurisdiction of our Court.") (quotation marks and citation omitted).

The PCRA court properly treated Albright's request for relief as a PCRA petition. "[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." **Commonwealth v. Menezes**, 871 A.2d 204, 207 (Pa. Super. 2005) (citation omitted). "[T]he General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that [a]ct." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (emphases in original). Thus, Albright's petition was subject to the PCRA's timeliness provisions.

Subject to statutory exceptions, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). Revocation of probation "presents a special situation insofar as determining timeliness" under the PCRA because the revocation does not implicate the underlying conviction or those proceedings. **Commonwealth v. Anderson**, 788 A.2d 1019, 1021 (Pa. Super. 2001). The "revocation hearing date must be employed when assessing finality" under the PCRA, and

the petitioner is limited "to any issues directly appealable from that proceeding." ***Id***.

The trial court imposed its revocation sentence on May 6, 2016. Albright did not file a notice of appeal. His revocation sentence became final on June 6, 2016,[3] when his right to seek appellate review expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review"); ***see also*** Pa.R.A.P. 903(a) (setting forth general rule that appellant must file notice of appeal within thirty days of entry of order). Accordingly, Albright had one year from June 6, 2016, to seek timely relief under the PCRA. His *pro se* petition, filed on January 10, 2022, was patently untimely.

The PCRA sets forth three exceptions to the one-year time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

---

[3] Because the thirtieth day after the imposition of Albright's revocation sentence fell on Sunday, June 5, 2016, he had until the following day to file a timely notice of appeal. ***See*** 1 Pa.C.S. § 1908 (providing that, when the last day for a statutory filing deadline falls on a weekend or holiday, the deadline shall be extended until the next business day); ***see also*** Pa.R.A.P. 107 (incorporating 1 Pa.C.S. § 1908 with respect to deadlines set forth in the Rules of Appellate Procedure).

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). The petitioner has the burden to plead and prove that an untimely petition falls within one of the three exceptions. *See* 42 Pa.C.S. § 9545(b)(1); *see also Commonwealth v. Anderson*, 234 A.3d 735, 738 (Pa. Super. 2020).

Here, Albright's amended PCRA petition included no allegations pertaining to the PCRA time-bar or one of its exceptions. Albright also does not present any argument on appeal pertaining to the timeliness of his petition. While Albright's *pro se* petition recognized the untimely nature of his petition and indicated that he intended to prove that his petition fell under the governmental interference and newly recognized constitutional right exceptions, his *pro se* petition included no allegations pertaining to these exceptions.

Moreover, nothing in the record supports the application of any of the time-bar exceptions. Albright was present in court when the trial court imposed its revocation sentence — which included no mention of time credit — and there is no indication of any interference with his ability to file a PCRA petition. Finally, this Court is unaware of any holding by the Supreme Courts of this Commonwealth or the United States declaring that there is a constitutional right to the time credit sought here, let alone that such holding must be retroactively applied.

Therefore, we affirm on the basis that the PCRA petition was untimely, and no exception to the time-bar applied. *See Selenski*, 228 A.3d at 15.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

6/3/2025