J-S19040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAVOY S. ROBINSON | : | |
| | : | |
| Appellant | : | No. 2833 EDA 2024 |

Appeal from the Order Entered October 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0807931-2004

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.:                                    **FILED JUNE 17, 2025**

Savoy S. Robinson ("Robinson") appeals pro se from the order dismissing his eighth petition filed under the Post Conviction Relief Act ("PCRA").[1]  Because the petition is facially untimely and Robinson failed to establish an exception to the statutory time bar, we affirm.

On July 12, 2004, the police arrested Robinson and charged him with murder and possession of an instrument of a crime.  A jury convicted him of both crimes.  The trial court sentenced him to life in prison plus two and a half to five years of incarceration.  This Court affirmed the judgment of sentence on November 14, 2006, and the Pennsylvania Supreme Court denied allowance of appeal on May 15, 2007.  ***See Commonwealth v. Robinson***,

---

[1] 42 Pa.C.S. §§ 9541-9546

1676 EDA 2005 (Pa. Super. Nov. 14, 2006), *appeal denied*, 923 A.2d 1173 (Pa. 2007). Between 2007 and 2020, Robinson filed seven PCRA petitions, all of which he either withdrew or a court dismissed.

Robinson filed the underlying PCRA petition, his eighth, on March 15, 2023. The PCRA court subsequently dismissed the petition. Robinson filed a timely appeal. He presents the following questions for our review:

> [1.] Whether the prosecutor denied [Robinson] his constitutionally protected right to procedural due process of law resulting in a miscarriage of justice?
>
> [2.] Whether the prosecutor committed a misdemeanor of the second degree in violation of the crime codes title 18 Pa.C.S. § 5101; 18 Pa.C.S. § 4114; 18 § 4911(a)(1)(2)(3); and 18 Pa.C.S. § 903 when the prosecutor obstructed the administration of law, breached official duties?
>
> [3.] Whether trial counsel, direct appeal counsel and PCRA counsel rendered deficient performance/ineffective assistance constituting a miscarriage of justice?
>
> [4.] Whether [Robinson's] PCRA petition based on newly/after discovered evidence was timely filed pursuant to title 42 Pa.C.S. § 9545(b)(1)(i)—(iii)?

Robinson's Brief at 3 (some capitalization omitted).

Before addressing the claims Robinson raises on appeal, the threshold question we must address is whether he timely filed the instant PCRA petition or, alternatively, whether he satisfied an exception to the statutory time bar. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in

order to reach the merits of the petition." *Id.* (quotation marks and citation omitted). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo, and our scope of review is plenary." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

A petition for relief under the PCRA must be filed within one year of the date the judgment of sentence becomes final unless the petitioner pleads and proves that an exception to the time limitation is met. 42 Pa.C.S. § 9545(b)(1). The exceptions to the one-year time bar include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* A PCRA petition invoking one of the statutory exceptions must be filed "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Robinson's judgment of sentence became final on August 13, 2007, after the time expired to appeal his conviction to the United States Supreme Court. *Id.* § 9545(b)(3). Robinson filed this petition on March 15, 2023, well over

- 3 -

one year after his judgment of sentence became final. Therefore, Robinson's petition is untimely on its face.

Although Robinson identified his satisfaction of a timeliness exception in his statement of questions involved, Robinson does not address this claim whatsoever in the argument section of his appellate brief or establish the applicability of any of the exceptions to the PCRA's one-year time bar. *See* Robinson's Brief. Thus, he has waived his claims. *See Commonwealth v. Armolt*, 294 A.3d 364, 377 (Pa. 2023) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

Nonetheless, we note that Robinson invoked the newly-discovered fact exception in his PCRA petition. PCRA Petition, 3/15/2023, at 3. In support, Robinson stated the following: "The District Attorney's Office, Lynne M. Abraham, committed a misdemeanor of the second degree when the District Attorney's Office intentionally obstructed and impaired the administration of law and governmental functions resulting in a trial for first[-]degree murder and subsequently, a life sentence." *Id.* Robinson continued: "On July 21, 2004, the High Court, Supreme Court, determine[d]/ruled that the murder charge is dismissed for a lack of evidence, I was never re-arrested nor re-charged for murder by the District Attorney's, Lynne M. Abraham, Office before I was tried for murder and sentenced to life imprisonment." *Id.* at 4.

The newly-discovered facts exception requires the petitioner "to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." **Commonwealth v. Balestier-Marrero**, 314 A.3d 549, 554 (Pa. Super. 2024) (citation omitted).

Robinson's claim appears to relate to the preliminary hearing held in 2004, after which charges, including first- and third-degree murder, were held over for court, and a second-degree murder charge was dismissed for lack of evidence. Preliminary Hearing Disposition, 8/17/2004. This does not constitute a basis for PCRA relief. He ignores that two murder charges were held over for court and merely presents unsupported arguments that all of his charges were dismissed and that the district attorney could not prosecute him. **Commonwealth v. Allison**, 235 A.3d 359, 364 (Pa. Super. 2020) (finding that "a petitioner does not meet his burden of proving time[-]bar exception where he offers only general allegations, unsupported by evidence") (citation omitted). Moreover, even if it could, Robinson did not plead why he could not have ascertained the facts related to the 2004 preliminary hearing earlier with

the exercise of due diligence, which is also fatal to his claim. *See* 42 Pa.C.S. § 9545(b)(1)(ii), (2).[2]

Robinson failed to sufficiently plead and prove any exception to the PCRA's time bar. The PCRA court therefore did not have jurisdiction to decide the merits of Robinson's PCRA petition and we likewise lack jurisdiction to consider the claims he raises on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/17/2025

_____

[2] We further note that in his PCRA petition, Robinson generally cites to the statutory section setting forth the government interference exception in support of his claim. *See* PCRA Petition, 3/15/2023, at 8. Robinson, however, presents no argument, either in his PCRA petition or appellate brief, that government interference prevented him from raising a claim related to the alleged dismissal of his charges.