J-S43038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THOMAS DARTOE | : | No. 1985 EDA 2023 |

Appeal from the Order Entered July 20, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006369-2007

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

CONCURRING MEMORANDUM BY KUNSELMAN, J.:     **FILED MARCH 3, 2026**

I agree with the Majority that Thomas Dartoe's serial PCRA petition was untimely.  I write separately to address the impact in this case of the recent ruling in ***Commonwealth v. (Jamie) Brown***, _ A.3d _, 2026 WL 227113 (Pa. Jan. 28, 2026), as it pertains to the "newly discovered fact" exception to the one-year time limit of the PCRA.  42 Pa.C.S. § 9545(b)(1)(ii).

By statute, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of three enumerated exceptions.  42 Pa.C.S. § 9545(b)(1).  The exception at play here requires the petitioner to prove "that . . . the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."  ***Id.*** § 9545(b)(1)(ii).  We have long held that the newly-discovered-fact exception is based on "newly discovered facts, not on a newly

discovered or newly willing source for previously known facts." ***Commonwealth v. Balestier-Marrero***, 314 A.3d 549, 554 (Pa. Super. 2024) (citation omitted).

Our Supreme Court's new precedent illustrates how this rule applies. In ***Brown***, the petitioner was convicted of murdering police officer James Naim; the Commonwealth disclosed before trial that another man, Tusweet Smith, confessed to the killing to inmate Steve Zambory. _ A.3d at _, 2026 WL 227113, at *2. The petitioner ultimately filed a PCRA petition based in part on his discovery that Smith also confessed to inmate Anthony Dorsett. ***Id.*** at *5. The PCRA court deemed the petition to be untimely, since it believed this was a new source of a previously known fact, and this Court affirmed. The Supreme Court granted allowance of appeal to address the applicability of the newly-discovered-fact exception. ***Id.*** at *7–8.

As a threshold matter on review, the Supreme Court rejected the Commonwealth's argument that Smith's previous confession to Zambory rendered Brown's subsequent claim moot. ***Id.*** at *10. For purposes of the timeliness of Brown's petition, Smith's statement (the second confession) to Dorsett was a "fact" that was previously unknown to Brown. ***Id.***

> The fact that Tusweet Smith confessed to Zambory on January 14, 2005, is separate and distinct from the fact that Tusweet Smith independently confessed to another person (Dorsett) at another time. The previously known fact is that Tusweet Smith confessed to Zambory. The new and previously *unknown* fact is that Tusweet Smith confessed to Dorsett. A different confession, to a different individual, at a different time, necessarily is a distinct fact for purposes of Section 9545(b)(1)(ii). Tusweet Smith's confession to Dorsett is not a new source of a previously known

fact, but a newly discovered fact entirely, and one that previously was unknown to Brown.

***Id.*** "Two separate confessions are two distinct facts for purposes of" subsection 9545(b)(1)(ii). ***Id.*** at *11.

Here, the "newly discovered" fact in Dartoe's second amended PCRA petition is not that Dartoe was born in 1995. Dartoe has "known" this birthdate since the outset of the case, and he has litigated it extensively. Instead, it appears that the purported new fact is that Cheywlue was present in the house on the day Dartoe was born (and can testify to the same).[1] Like Smith's second confession in ***Brown*** that was a distinct fact from Smith's previously known confession, Cheywlue's statement here is a distinct fact from the other statements Dartoe previously used to litigate the factual issue of his birthdate. Thus, Dartoe could meet the newly-discovered-fact exception by proving that Cheywlue's statement was "unknown to [Dartoe] and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

On this record, however, Dartoe could not meet his burden. Cheywlue's assertion that Dartoe was born in 1995 was "known" to Dartoe no later than 2005, when the issue of his age was first litigated. Commonwealth's Exhibit E, PCRA Hearing, 4/27/2023. Therefore, although Cheywlue's statement is a distinct fact from other evidence of Dartoe's birth date, it was not unknown to Dartoe. Further, Dartoe failed to prove why he could not have (re)discovered

_____

[1] If Dartoe is asserting a different new fact, this is not clear from his petition or his brief.

- 3 -

this fact—Cheywlue's memory of Dartoe's birth or that Cheywlue was present for the birth—earlier by the exercise of due diligence. The PCRA court observed that Dartoe learned of Cheywlue's address and potential value only through the efforts of his immigration attorney. PCRA Court Opinion, 4/4/25, at 20–21. However, the immigration attorney is at best a newly discovered source for the previously known fact of Cheywlue's personal knowledge and insistence that Dartoe was born in 1995. Therefore, Dartoe cannot prove that his PCRA claim based on Cheywlue's statements is timely.