J-S04009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RANDY DIAZ :
:
Appellant : No. 1898 EDA 2025

Appeal from the PCRA Order Entered June 26, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011777-2013

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED APRIL 23, 2026**

Randy Diaz appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, denying as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Upon review, we affirm.

The PCRA court summarized the relevant facts as follows:[1]

On July 9, 2013, [Diaz] was arrested and charged with murder and related offenses. [Diaz's] co-defendants Christopher Martinez ("Martinez") and Alexander Flores ("Flores") were arrested on January 11, 2012 and October 20, 2014, respectively. On October 9, 2014, following a trial before [the trial] court, a jury convicted [Diaz] of first-degree murder,[2] conspiracy,[3] carrying a firearm

---

[1] The circumstances of Diaz's underlying case are not relevant to our disposition.

[2] 18 Pa.C.S.A § 2502(a).

[3] *Id.* at § 903.

without a license ("VUFA 6106"),[4] carrying a firearm in Philadelphia ("VUFA 6108"),[5] and possession of an instrument of a crime ("PIC").[6] On that same date, [the trial] court imposed the mandatory sentence of life imprisonment without the possibility of parole for first-degree murder and concurrent terms of six to twelve years for conspiracy, one to two years for VUFA [§] 6106, and six to twelve months for both VUFA [§] 6108 and PIC, for a total sentence of life imprisonment without the possibility of parole.

On November 13, 2014, [Diaz] filed a notice of appeal[,] and the Superior Court affirmed [the trial] court's judgment of sentence on August 26, 2015. On December 22, 2015, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

On September 27, 2016, [Diaz] filed a timely *pro se* [PCRA] petition, his first. Appointed PCRA counsel filed two no-merit letters pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On September 7, 2017, [the PCRA] court dismissed the petition, and the Superior Court affirmed [the PCRA] court's dismissal on July 17, 2018. On December 6, 2019, [Diaz] filed a subsequent *pro se* PCRA petition, his second. On February 6, 2020, [the PCRA] court dismissed the petition, and [Diaz] did not file an appeal. On March 7, 2022, [Diaz filed] his third PCRA petition. On April 28, 2022, [the PCRA] court dismissed the petition, and the Superior Court affirmed [the PCRA] court's dismissal on August 22, 2023.

On April 2, 2025, [Diaz] filed the instant *pro se* PCRA petition, his fourth. On May 22, 2025, [the PCRA] court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. [Diaz] did not respond to [the PCRA] court's 907 notice.

PCRA Court Opinion, 8/13/25, at 1–2 (footnotes and unnecessary capitalization omitted). The PCRA court dismissed the instant petition on June

_____

[4] *Id.* at § 6106(a)(1).

[5] *Id.* at § 6108.

[6] *Id.* at § 907.

26, 2025, and Diaz filed a timely notice of appeal. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 13,[7] 2025.[8]

Diaz presents the following issues for our review:

(1)     Whether the court erred by denying [Diaz's] PCRA petition alleging **Brady**[9] violation[s] and governmental interference.

(2)     Whether the court committed fraud in [its] order and opinion, dated June 26, 2025.[10]

_____

[7] The PCRA court opinion is dated June 26, 2025 and time-stamped June 26, but the appellate docket sheet reflects that the Rule 1925(a) opinion and trial court record were filed with this Court on August 13, 2025.

[8] The PCRA court did not order Diaz to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b).

[9] **Brady v. Maryland**, 373 U.S. 83 (1963).

[10] This issue, not raised in Diaz's PCRA petition as it is based on the PCRA court's Rule 1925(a) opinion filed with respect to this appeal, is waived. Diaz fails to advance any argument in his brief regarding the "fraud" allegation, instead confining his claim to an introductory paragraph in which he disputes his presence in a car prior to the shooting and says that "[t]he Commonwealth is picking which testimony [it] want[s to] use to create the motive or [facts] of the case[.]" Appellant's Brief, Opening Section, at 1 (unpaginated).

Construing Diaz's filing generously, we discern that Diaz may be relying on his handwritten annotations to the PCRA court's August 13, 2025 opinion, appended to his brief, in which he takes issue with the PCRA court's factual findings in the underlying case. Diaz, however, does not raise any legal claim or cite to any authority, legal or factual, in his brief to support his claim that the PCRA court's opinion constitutes a "fraud." **See Lackner v. Glosser**, 892 A.2d 21, 29–30 (Pa. Super. 2006) (arguments not properly developed in briefs are waived); **see also Commonwealth v. Taylor**, 277 A.3d 577, 591 (Pa. Super. 2022) ("When issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.") (citation omitted);
*(Footnote Continued Next Page)*

Appellant's Brief, Opening Section,[11] at 2 (unpaginated).[12]

Prior to addressing Diaz's claims on appeal, we must determine whether the PCRA court properly determined that his petition was untimely and, therefore, that it lacked jurisdiction to consider its merits. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final, *i.e.*, at conclusion of direct review or the expiration of the time period for seeking review, unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[13]

_____

***Commonwealth v. Balestier-Marrero***, 314 A.3d 549, 556 (Pa. Super. 2024) (PCRA petitioner's "bald claim" is waived because of insufficient analysis and/or lack of legal support).

[11] The opening section of Diaz's *pro se* brief (containing an "Arguments" section, the statement of jurisdiction, the statement of questions presented, the table of authorities, and a "Facts of the Incident" section), is not paginated. Diaz does paginate the remainder of his brief.

[12] Diaz also raises what purports to be an "actual innocence" claim, as well as general concerns about the integrity of the investigation and witness credibility. ***See*** Appellant's Brief, at 1, 5–12. As noted by the Commonwealth, Diaz does not even attempt to argue that these facts would satisfy any timeliness exceptions. ***See*** Appellee's Brief, at 9 n.2. The PCRA court has no jurisdiction over untimely PCRA claims that do not meet an exception and, therefore, we cannot address these arguments on the merits.

[13] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

*(Footnote Continued Next Page)*

*See* 42 Pa.C.S.A. § 9545(b)(1), (b)(3); *Commonwealth v. Burton*, 158 A.3d 618, 623 n.7 (Pa. 2017). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. *See id.* at § 9545(b)(2). This is a jurisdictional requirement and, "therefore, [PCRA] courts are prohibited from considering an untimely PCRA petition." *Commonwealth v. Lopez*, 249 A.3d 993, 999 (Pa. 2021), citing *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020). Additionally, to obtain PCRA relief, a petitioner must prove that the allegation of error has not been previously litigated or waived. *See id.* at § 9543(a)(3); *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Diaz was sentenced October 9, 2014; our Court affirmed his judgment of sentence on August 26, 2015. Our Supreme Court denied his petition for allowance of appeal on December 22, 2015. He did not seek relief in the United States Supreme Court. Thus, Diaz's judgment of sentence became final on March 22, 2016, and he had until March 22, 2017 to file a timely PCRA petition. *See* Sup. Ct. R. 13. Because Diaz did not file the instant

---

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

petition until April 2, 2026, it is facially untimely. Thus, to establish jurisdiction, Diaz would need to plead and prove that one of the enumerated exceptions applies.

Diaz relies upon the governmental interference exception, found in subsection 9545(b)(1)(i) of the PCRA. First, he asserts that the Commonwealth failed to disclose a history of misconduct and/or criminal history with regard to two police witnesses, Officer Henry Glenn and Officer Gregory Singleton which, he claims, constituted "material exculpatory and impeaching evidence." Appellant's Brief, at 2. Second, Diaz argues that the Commonwealth did not disclose that Diaz's co-defendant, Martinez, entered into a plea agreement that allowed him to receive a light sentence in exchange for testimony against Diaz. *Id.* at 5–6.

The Commonwealth responds that, first, regarding the police misconduct claim, Diaz does not proffer any evidence that any officers committed misconduct in his case, and, in any event, the evidence of Diaz's guilt was compelling even without the testimony Officers Glenn and Singleton. Appellee's Brief, at 8–9. Second, the Commonwealth asserts that Diaz's claim concerning Martinez's plea deal did not satisfy the timeliness exception because it was already raised in Diaz's third PCRA petition in 2022 and, therefore, was previously litigated. *Id.* at 7. Moreover, the Commonwealth argues, this second claim fails on the merits, because Diaz does not proffer any evidence that the Commonwealth made any promises to Martinez in exchange for his testimony. *Id.* at 7–8.

Under the governmental interference exception, a petitioner must "plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). A *Brady* violation may fall within the governmental interference exception, but the petitioner must demonstrate both interference and the petitioner's due diligence. *Id.*

As the PCRA court found, Diaz's prosecutorial misconduct claim based on Martinez's plea deal is both previously litigated and untimely. *See* PCRA Court Opinion, 8/13/25, at 5−6. Diaz raised the same claim in his 2022 PCRA petition,[14] which was dismissed by the PCRA court and affirmed on appeal, with this Court finding the claim untimely because Diaz had not exercised due diligence to obtain the information. *Commonwealth v. Diaz*, 1461 EDA 2022 at *3−*4 (Pa. Super. filed Aug. 22, 2023) (unpublished memorandum

_____

[14] *Compare* PCRA Petition, 3/7/22, at 4, 12, 14, *with* PCRA Petition, 4/2/25, at 5−7. In his 2022 petition, Diaz alleged that he unsuccessfully requested transcripts and the docket for Martinez's case in March 2020, and then, on January 29, 2022, he learned from a friend that Martinez was sentenced to time served on February 7, 2019. *See* PCRA Petition, 3/7/22, at 4−5. Diaz speculated that Martinez must have offered testimony he believed would be beneficial in exchange for a light sentence, and that the jury should have been given this information so it could adequately assess Martinez's credibility. *Id.* at 5. In affirming, this Court agreed with the PCRA court that Diaz did not contact the trial court to obtain Martinez's docket sheet, a matter of public record, within one year of the conviction and, moreover, took no further steps to obtain the information for almost two years. *Commonwealth v. Diaz*, 1461 EDA 2022, at *3 (Pa. Super. filed Aug. 22, 2023) (unpublished memorandum decision).

decision).[15]  Now, three years later, this is all the more true, since Diaz certainly cannot establish that the government interfered with his ability to learn facts he already knew.

Diaz also fails to demonstrate that the police misconduct he claims to have discovered meets an exception to the PCRA time bar.  To the extent there was misconduct by the officers in this case,[16] Diaz does not assert that the Commonwealth was aware of any of this alleged misconduct at the time of his trial.  Thus, he has not pled that the Commonwealth interfered by failing to disclose these incidents in violation of **Brady**.  **See Commonwealth v. Reeves**, 296 A.3d 1228, 1231 (Pa. Super. 2023) (general allegations of misconduct by district attorney's office, unrelated to petitioner's case, insufficient to demonstrate governmental interference).[17]

_____

[15] While Diaz invoked the newly discovered facts exception in his 2022 petition, the fact that he now asserts a governmental interference theory does not prevent his claim from being dismissed as previously litigated.  **See Commonwealth v. Bond**, 819 A.2d 33, 39 (Pa. 2002) ("[I]t is well-settled that a PCRA petitioner cannot obtain review of claims that were previously litigated by presenting new theories of relief[.]").

[16] Notably, the Police Transparency Project's report included **allegations** of misconduct as to Officer Singletary and Detective Glenn but did not indicate they had been substantiated.

[17] In unpublished cases relying on **Reeves**, **supra**, and **Abu-Jamal**, **supra**, this Court has rejected similar allegations about officer misconduct in unrelated cases as a basis for establishing an exception to the PCRA time bar.  **See Commonwealth v. Huertas**, 2025 WL 2181224, at *3 (Pa. Super. filed Aug. 1, 2025) (unpublished memorandum decision) (rejecting petitioner's claim that he meets exception to time bar under governmental interference exception, where petitioner shows no nexus between his case and newspaper

*(Footnote Continued Next Page)*

With regard to the Police Transparency Project report, the PCRA court notes that Diaz "does not explain how the government interfered with his ability to access the information prior to his request in 2024, and does not establish that he exercised due diligence to do so." PCRA Court Opinion, 6/26/25, at 7. Diaz knew which officers testified in his case and does not allege that the government prevented him from contacting the Project earlier to make inquiries.

Because Diaz's PCRA petition is facially untimely, and he has failed to plead and prove any timeliness exception, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2026

---

article reporting that expert witness in his case was accused of falsifying reports and documents in other cases); ***Commonwealth v. McKeithan***, 2022 WL 2951712, at *3–*4 (Pa. Super. filed July 26, 2022) (unpublished memorandum decision) (claim based on allegations of misconduct in other cases insufficient to raise inference that similar things happened in petitioner's case; allegation that exculpatory information was held in police files was speculative).