J-S19008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
CHRISTOPHER W. JACKSON   :
  :
Appellant   :   No. 1677 EDA 2024

Appeal from the PCRA Order Entered June 10, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0700591-2006

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:     **FILED JULY 1, 2025**

Christopher W. Jackson appeals from the order of the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 6541-6546. Jackson argues that his plea counsel was ineffective because she allowed Jackson to enter into an unenforceable plea agreement. The PCRA court found that Jackson's facially untimely PCRA petition was timely under the newly discovered facts exception but denied Jackson's substantive PCRA claim. After our thorough independent review, we are constrained to conclude the PCRA court erred in finding Jackson met the newly discovered facts exception and thus lacked jurisdiction to consider Jackson's untimely PCRA petition. Therefore, we affirm on alternative grounds.

In June 1994, Jackson pleaded guilty to robbery and attempted robbery in Philadelphia County. He was sentenced to 5 ½ to 16 years' incarceration and was released on parole in September 2004.

On December 5, 2005, while still on parole, Jackson committed the crimes underlying this case. He robbed two women at gunpoint and stole one of their vehicles. The next day, Jackson was standing nearby when he saw police approaching the stolen vehicle. At that point, Jackson jumped inside the car and led police on a car chase that ended in a crash. The criminal episode spanned the Philadelphia and Montgomery Counties, and Jackson was charged in both counties.

On March 19, 2007, Jackson entered a negotiated guilty plea before the Honorable Rayford A. Means to robbery and related offenses and was sentenced that same day. He was sentenced to no further penalty for aggravated assault, possession of an instrument of crime, and fleeing police. For each of the two counts of robbery he was sentenced to 12 ½ to 25 years of confinement concurrently for an aggregate term of 12 ½ to 25 years' incarceration. Jackson's written plea colloquy stated that the Commonwealth agreed that his 12 ½ to 25 years sentence would run "concurrent to [his] Montgomery County case." Written Plea Colloquy, 3/19/2007, at 1. Further, the sentencing order stated that his sentence was to commence on March 19, 2007.[1] *See* Sentencing Order, 3/19/2007.

_____

[1] There is no transcript of the March 19, 2007 proceeding.

Jackson did not file post-sentence motions or a direct appeal.

Shortly after Jackson was sentenced, two other relevant proceedings took place. On April 18, 2007, Jackson pleaded guilty to robbery in Montgomery County related to the same criminal episode. He was sentenced to ten years' probation. *See* Montgomery County Court of Common Pleas Docket No. CP-46-CR0000368-2006. Additionally, the Pennsylvania Parole Board found Jackson in direct violation of his parole for the 1994 case due to his new convictions. The Parole Board revoked his parole and sentenced him to serve his back time.

The PCRA court summarized the remaining procedural history of the instant PCRA proceedings.

On March 25, 2019, [Jackson] filed a *pro se* motion for reconsideration of sentence. On May 26, 2020, [Jackson] filed a *pro se* petition for *habeas corpus*. Judge Means determined that these filings should be treated as petitions filed under the [PCRA] and counsel was appointed on July 16, 2020. An amended petition was filed on June 3, 2021, followed by a supplemental amended petition on September 1, 2021. The Commonwealth filed a motion to dismiss on March 13, 2023. On May 3, 2023, the case was reassigned to the Honorable Zachary C. Shaffer due to Judge Means' impending retirement. On May 24, 2023, [Jackson] filed a response to the Commonwealth's motion to dismiss. A bifurcated evidentiary hearing was held on February 5, 2024 and June 10, 2024. Following the hearing, [the PCRA c]ourt denied [Jackson's] petition. [Jackson] filed a timely notice of appeal to the Superior Court of Pennsylvania on June 17, 2024. On June 24, 2024, [the PCRA c]ourt issued an order pursuant to Pa.R.A.P. 1925(b) requiring [Jackson] to file a Concise Statement of Matters Complained of on Appeal within 21 days. [Jackson] filed a concise statement on July 4, 2024, in which he asserts that [the PCRA c]ourt erred in denying his petition because [plea] counsel was ineffective for causing him to enter into a guilty plea that could

not be enforced, and because he is entitled to a new trial based on newly discovered evidence of police misconduct.

PCRA Court Opinion, at 1-2.

On appeal, Jackson raises one issue for our review: "Whether [plea] counsel was ineffective for causing [Jackson] to enter into a plea agreement that could not be enforced."[2] Appellant's Brief, at 7 (unnecessary capitalization omitted).

> As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. Our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party, in this case, the Commonwealth.

*Commonwealth v. Mickeals*, 335 A.3d 13, 20 (Pa. Super. 2025) (citations, quotation marks, and emphasis omitted).

Before addressing the issue raised by Jackson, we must first address the timeliness of his PCRA petition. The timeliness of a PCRA petition is a "jurisdictional requisite[,]" and thus, we may consider the issue *sua sponte*.[3]

_____

[2] Jackson acknowledges that he is not pursuing the issue of after discovered evidence of police misconduct that he raised in his concise statement. **See** Appellant's Brief, at 7 n.1.

[3] The Commonwealth maintains the PCRA court erred in concluding that Jackson's petition was timely because Jackson failed to prove that he filed the petition within one year of learning of the supposed new fact, i.e. his 2026 minimum sentence date. **See** Commonwealth's Brief, at 7 n.3. We are concerned whether the record supports a finding that Jackson's PCRA petition was untimely for the reason stated by the Commonwealth. Jackson testified he learned his minimum sentence date was not until 2026 when he spoke to the prison counselor "[a]round the middle of 2018." N.T., 2/5/24, at 22-23. Jackson filed his PCRA petition in March 2019. Therefore, it may have been
*(Footnote Continued Next Page)*

*See Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013) (citation omitted).

A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). There are three exceptions to the timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Jackson's petition is facially untimely. Because Jackson did not file any post-sentence motions or a direct appeal, his judgment became final on April 18, 2007, 30 days after the imposition of his sentence. *See* Pa.R.Crim.P. 720(A)(3); 42 Pa.C.S.A. § 9545(b)(3). His deadline for filing a timely PCRA petition was April 18, 2008. *See* 42 Pa.C.S.A. § 9545(b)(1). Jackson did not file his petition until over ten years later. Therefore, he was required to plead and prove a timeliness exception.

_____

filed within one year of Jackson learning the new sentence date. In any event, we find the petition to be untimely for the reasons stated *infra*.

- 5 -

However, Jackson does not raise any timeliness exception in this Court because the PCRA court found his petition was timely pursuant to the "newly discovered fact" exception. The newly discovered fact exception

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Balestier-Marrero*, 314 A.3d 549, 554 (Pa. Super. 2024), *appeal denied*, 330 A.3d 1245 (Pa. 2024) (citations omitted).

The PCRA court concluded that Jackson met the newly discovered fact exception based on Jackson's testimony that he did not learn that his current sentence and back time were not running concurrently until he was informed by prison officials in 2018.[4] *See* PCRA Court Opinion, at 4-5. Notably, the PCRA court never addressed whether Jackson exercised due diligence. *See id.*; N.T., 2/5/24, at 33 (explaining that Jackson's petition met the timeliness exception because he filed it within one year of learning his minimum sentence date).

_____

[4] Regarding Jackson's substantive claim, the PCRA court rejected Jackson's contention that his plea agreement was illegal and thus, Jackson's plea counsel was not ineffective, because there was no support in the record for Jackson's argument that the terms of his plea agreement were that any future back time would run concurrently to his sentence imposed. *See* PCRA Court Opinion, at 5-7.

- 6 -

As stated above, to invoke the newly-discovered fact time-bar exception the petitioner must establish that "(1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." **Commonwealth v. Staton**, 184 A.3d 949, 955 (Pa. 2018) (citation omitted). The facts must be newly-discovered not merely "newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." **Commonwealth v. Maxwell**, 232 A.3d 739, 745 (Pa. Super. 2020) (*en banc*) (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence." **Commonwealth v. Sanchez**, 204 A.3d 524, 526 (Pa. Super. 2019) (citation omitted).

We are constrained to conclude the PCRA court erred in finding that Jackson met the newly discovered fact exception because Jackson failed to plead and prove that he could not have learned his minimum sentence date earlier through the exercise of due diligence. Jackson testified that he found out about his minimum sentence date in 2018 when he asked his counselor about beginning the parole process. **See** N.T., 2/5/24, at 22. Any time for about ten years prior to that Jackson could have inquired about when he was eligible for parole. He never explained what he had done prior to 2018 to exercise due diligence or why he could not have learned about his minimum sentence date with the exercise of due diligence. **See** Amended PCRA Petition Memo., 6/3/21, at 8-10; Response to Com., 5/24/23, at 2-4. Therefore,

Jackson failed to establish that he could not have learned his minimum sentence date earlier with the exercise of due diligence. **See**, **e.g.**, **Commonwealth v. Brown**, 141 A.3d 491, 502 (Pa. Super. 2016).

Because Jackson failed to establish the due diligence prong of the newly discovered fact exception to the PCRA time-bar, the PCRA court erred in finding that his facially untimely PCRA petition was timely. Thus, the PCRA court lacked jurisdiction to consider the untimely petition. However, the PCRA court correctly denied Jackson's PCRA petition, albeit on substantive grounds. Accordingly, we affirm the PCRA court's denial of Jackson's PCRA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/1/2025